ELIZABETH S. DENSTEN *vs.* JOHN J. DENSTEN.

Essex.      March 7, 1932. — June 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction, Separate maintenance, Counsel fees and expenses. *Husband and Wife.*

While, under G. L. c. 209, §§ 32, 33, and c. 208, § 17, the costs and expenses for counsel fees incurred in proceedings relating to separate maintenance of a wife must be determined as an item separate and distinct from the amount found to be necessary for the support and maintenance of the wife and children, their assessment is a part of the single proceeding, and a probate court has no jurisdiction to entertain a separate petition by a wife against her husband, filed before the entry of decrees dismissing petitions by the petitioner for an increase and by the respondent for a decrease of an allowance previously made under said § 32 and granting a petition that the respondent be adjudged in contempt of court for nonpayment of such allowance, where such separate petition asks only that the respondent be ordered to pay the petitioner forthwith "as an additional allowance a sum sufficient to cover the reasonable counsel fees and expenses" incurred by her in connection with the petitions relating to increase and decrease of the allowance and contempt.

PETITION, filed in the Probate Court for the county of Essex on July 24, 1931, and described in the opinion.

The petition was heard by *Dow*, J. Material facts and

a decree entered granting the petition are described in the opinion. The respondent appealed from the decree.

*W. A. Pew,* for the respondent.

*C. D. C. Moore & J. W. Sullivan,* for the petitioner, submitted a brief.

RUGG, C.J. The petition sets out that the petitioner is the wife of the respondent; that it has been decreed by the Probate Court of the county of Essex that she is living apart from him for justifiable cause; that he was ordered to pay her for the support of herself and their two minor children $7,500 per year; that she filed a petition to increase that allowance and a petition that he be adjudged in contempt for failure to comply with the orders of the court, and that he filed a petition that the allowance be decreased; that hearings have been held on all these petitions; that the petitions for increase and for decrease have been by decree dismissed and that on the petition for contempt he has been ordered to pay her $4,375 as arrears due under orders of the court. [It appears from the record that all sums due under this order have been·paid.] It is further alleged that, in the preparation for hearings upon those petitions and in the hearings she has expended various sums of money and incurred attorneys' fees and expenses. The prayer is that he be ordered to pay her forthwith "as an additional allowance a sum sufficient to cover the reasonable counsel fees and expenses" thus incurred by her. The decree on this petition, after reciting its prayer and notice to interested parties and a hearing, orders that, "in addition to the allowance heretofore made for the support of the petitioner and the minor children of the parties, the said John J. Densten pay to the petitioner the sum of $1,200." The respondent's appeal brings the case here.

The petitions described in the present petition were brought in the Probate Court by virtue of jurisdiction conferred by G. L. c. 209, §§ 30–34. It is provided by § 32 that, if "a husband fails, without just cause, to provide suitable support for his wife . . . or if the wife, for justifiable cause, is actually living apart from her husband, the probate court may, upon her petition . . . make . . .

orders relative to the support of the wife and the . . . maintenance of the minor children of the parties . . . and may, from time to time . . . revise and alter such order or make a new order or decree . . . ." The utmost scope of this section is to provide for the support of the wife and the maintenance of the children. It makes no provision for attorneys' fees or expenses incurred in prosecuting the petition. Provision touching that subject is found in the following section. It is provided by § 33 that upon such petition and proceedings thereunder G. L. c. 208, § 17, shall apply so far as appropriate. The terms of that section are that the "court may require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel." Petitions for separate support bear such close analogy to libels for divorce that beyond doubt said § 17 is applicable to petitions for separate support. This provision seems to exclude from cases of this nature the operation of G. L. c. 215, § 45, as amended by St. 1931, c. 120. That section relates to costs and expenses in contested cases in probate courts, but is not so manifestly relevant to proceedings under G. L. c. 209, § 32, as is G. L. c. 208, § 17, imported into those proceedings by said § 33. Moreover, by St. 1879, c. 31, this provision, now found in § 17, for expenses was made applicable to proceedings for separate support, while the first antecedent of the pertinent provision of said § 45 was St. 1884, c. 131. However that may be, the effect of G. L. c. 209, §§ 32, 33, and c. 208, § 17, is that the costs and expenses for counsel fees must be determined as an item separate and distinct from the amount found to be necessary for the support and maintenance of the wife and children, but that they are part of a single proceeding. This is in accord with the general policy of the law pertaining to probate courts as well as to common law courts that all claims arising out of a cause of action in process of determination ought to be settled by one adjudication covering the whole field. *Lucas* v. *Morse,* 139 Mass. 59. *Canning* v. *Shippee,* 246 Mass. 338. *Mulloney* v. *Barnes,* 266 Mass. 50, 53–54.

The petition in the case at bar, fairly construed, is applicable to counsel fees and expenses and not to an additional allowance. Moreover, it was filed before the entry of the decrees dismissing those petitions. The conclusion follows that the decree appealed from must be reversed.

*Ordered accordingly.*