MARGARET H. HOUSE vs. RODNEY HOUSE.

Middlesex.   April 11, 1975. — June 11, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

Divorce, Counsel fees. Probate Court, Counsel fees. Constitutional
  Law, Equal protection of laws.

Probate Court Rule 47, delineating the requirements a wife must
  meet in applying for an allowance to enable her to defend or
  prosecute a divorce libel, does not preclude a husband from seeking
  such an allowance and so does not violate the equal protection
  clause of the Fourteenth Amendment to the Federal Constitution.
  [121-123]

LIBEL for divorce filed in the Probate Court for the
county of Middlesex on June 17, 1974.

The case was heard by Freedman, J.

The Supreme Judicial Court granted a request for
direct appellate review.

Michael A. Wheeler (George P. Lordan, Jr., with
him) for the libellant.

Charlotte Anne Perretta for the libellee.

Philip S. Shaw for Fathers United for Equal Justice,
Inc., amicus curiae, submitted a brief.

WILKINS, J.   The libellant (wife) was granted a decree
nisi for divorce on the ground of cruel and abusive treat-
ment.   At the time of the granting of the divorce, the
judge denied the wife's application for counsel fees in
connection with the maintenance of the libel on the
ground that Rule 47 of the Rules of the Probate Courts
(1959) was unconstitutional as violative of the Fourteenth

Amendment to the Constitution of the United States.[1] We granted the wife's application for direct appellate review.

Rule 47 of the Rules of the Probate Courts (1959) sets forth certain requirements which must be met by a wife in an application for an allowance to enable her to defend or prosecute a divorce libel.[2] Rule 47 does not grant a wife the right to seek an allowance for counsel fees, and it does not deny a husband the right to seek such an allowance. There is no parallel rule, however, specifying procedures to be followed by a husband who makes an application for such an allowance.

The parties have assumed on appeal that because of Rule 47 a wife, but not a husband, may seek an allowance for counsel fees in a divorce proceeding in this Commonwealth.[3] They have devoted a substantial portion of their arguments to the question whether Rule 47 violates the equal protection clause of the Fourteenth Amendment. In our view, this matter can be resolved without adjudication of constitutional questions.

There is ample statutory authority for awarding counsel fees to either spouse in a divorce proceeding. Section 38 of G. L. c. 208, as appearing in St. 1933, c. 288, provides that "[i]n any proceeding under this

---

[1] The order reads as follows: "In the event Probate Rule 47 is constitutional I would allow $150 as counsel fees to be paid within three months; however, I rule that Rule 47 is unconstitutional as violative of Section 1 of Article 14 of the amendments to the United States Constitution and therefore deny this motion."

[2] Rule 47 reads as follows: "An application by a wife for an allowance to enable her to defend or prosecute a libel shall contain a statement that she intends in good faith to defend or prosecute such libel, and shall be accompanied by a certificate of her attorney that he believes such statement to be true. If such allowance is granted, it shall be paid as the Court may direct."

[3] This belief may be founded also on the provisions of G. L. c. 208, § 17, which reads in part as follows: "The court may require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel."

chapter . . . the court may, in its discretion, award costs and expenses, or either, to either party, whether or not the marital relation has terminated." Section 38 provides further that, where costs or expenses are awarded to a party, "they may be awarded to *his* or her *Counsel*" (emphasis supplied).[4] Chapter 208 of the General Laws governs divorces. Prior to the 1933 amendment, § 38 did not permit an award of counsel fees. See *Wallace* v. *Wallace*, 273 Mass. 62, 65 (1930). Since that amendment we have acknowledged that under § 38 "the court now undoubtedly has power to award costs and expenses, which may include counsel fees, and may order them to be paid to counsel for the opposing party." *Hayden* v. *Hayden*, 326 Mass. 587, 594-595 (1950).

Rule 47 obviously deals with the more common economic circumstance — a wife who needs funds to prosecute or defend a divorce action. However, Rule 47 should not be read as an attempt to restrict, by court rule, authority plainly given to the Probate Court by legislation. Because a husband in appropriate circumstances has an equal right to an allowance to prosecute or defend a divorce libel, there is no discrimination in fact between husbands and wives.

We do not read Rule 47 as imposing any significantly different burden on a wife from that which implicitly is imposed on a husband seeking an allowance for counsel fees. Any husband seeking an allowance for counsel fees would have to establish, quite apart from any rule, that he intends to defend or prosecute the libel in good faith.

Because of what we have said, we need not consider whether discrimination in favor of wives in such circumstances would be constitutional. Compare cases invalidating sex-based discrimination (*Reed* v. *Reed,* 404 U. S. 71, 76 [1971]; *Stanley* v. *Illinois,* 405 U. S. 645,

---

[4] In very similar language, G. L. c. 215, § 45, allows costs and expenses to either party in a contested case before a Probate Court.

658 [1972]; *Frontiero* v. *Richardson*, 411 U. S. 677, 690-
691 [1973]; *Taylor* v. *Louisiana*, 419 U. S. 522, 537
[1975]; *Weinberger* v. *Wiesenfeld*, 420 U. S. 636, 651
[1975]; *Stanton* v. *Stanton*, 421 U. S. 7, 13-17 [1975])
with cases upholding statutory distinctions based on sex.
(*Kahn* v. *Shevin*, 416 U. S. 351, 355 [1974]; *Schlesinger*
v. *Ballard*, 419 U. S. 498, 508 [1975]). Also, we need
not decide whether, if such discrimination were uncon-
stitutional, the appropriate cure would be to deny counsel
fees to wives in divorce proceedings. A more rational
result might be to interpret Rule 47 (and G. L. c. 208,
§ 17) as intending that spouses have equal rights in
similar circumstances. See *Skinner* v. *Oklahoma ex rel.
Williamson*, 316 U. S. 535, 543 (1942); *Stanton* v.
*Stanton*, 421 U. S. at 17-18 (1975); Note, The Effect of an
Unconstitutional Exception Clause Upon the Remainder
of a Statute, 55 Harv. L. Rev. 1030 (1942); Develop-
ments, Equal Protection, 82 Harv. L. Rev. 1065, 1136-
1137 (1969); Brown and others, The Equal Rights
Amendment: A Constitutional Basis for Equal Rights for
Women, 80 Yale L. J. 871, 912-920 (1971). In any
event, even if Rule 47 (and G. L. c. 208, § 17) were un-
constitutional and treated as void, the general statutory
provisions allowing an award of counsel fees in divorce
proceedings would remain untarnished by any suggestion
of sex-based discrimination.

An award of counsel fees was permissible; and, as the
judge indicated that he would grant the wife's application
for an allowance if Rule 47 were constitutional, the
application should have been granted. The order deny-
ing the application is reversed, and the case remanded to
the Probate Court for further proceedings consistent with
this opinion.

*So ordered.*