MAURICE M. GOLDMAN vs. JOHN C. RODERIQUES, THIRD.

Barnstable.    May 5, 1976. — June 9, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Divorce,* Counsel fees.  *Bankruptcy,* Discharge.

A Probate Court order in a divorce proceeding directing the husband
   to pay counsel fees to the wife's attorney was not an obligation dis-
   charged by the husband's subsequent discharge in bankruptcy; the
   obligation was assimilated to nondischargeable alimony and support
   provisions. [436-438]

LIBEL for divorce filed in the Probate Court for the
county of Barnstable on December 22, 1972.

A petition for contempt was heard by *Knight,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

The case was submitted on a brief.

*Maurice M. Goldman* pro se.

KAPLAN, J.    From the rather fragmentary record, it ap-
pears that in a wife's libel for divorce against her husband
a decree nisi was entered in the Probate Court for Barn-
stable County with custody, support, and so forth in ac-
cordance with a stipulation of the parties. At the same
time the wife applied for and secured an order of court
directing the husband to pay $750 to the wife's attorney
for services in the suit. As the husband failed to make pay-
ment, a petition for contempt was lodged against him and
(some time after the divorce had become absolute) capias
issued. Meantime, the husband secured a discharge in
bankruptcy. When this fact was brought to the atten-
tion of the probate judge, he entered judgment dismiss-
ing the contempt petition, on his view that the obligation

represented by the order for payment of counsel fees was a dischargeable debt. The attorney appealed to the Appeals Court from the dismissal, and we transferred the appeal to this court on our own motion. We reverse.

The question is whether the court-imposed obligation to pay counsel fees is within the provision of § 17a of the Bankruptcy Act (11 U.S.C. § 35[a] [1970]) that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts ... except such as ... are for alimony due or to become due, or for maintenance or support of wife or child ...." The probate judge answered the question in the negative on the ground that counsel fees are "determined as an item separate and distinct" from alimony or support and maintenance. It is true that in *Densten* v. *Densten,* 280 Mass. 48, 50 (1932), a suit for support, this court remarked that counsel fees must be separately determined (although as part of the unitary matrimonial proceeding).[1] But this seems a suggestion, at most, that in fixing such an allowance there may be particular matters for consideration apart from those relevant to support proper. See *Hayden* v. *Hayden,* 326 Mass. 587, 596-597 (1950). The issue in the present case is not whether counsel fees are to be separately determined in that sense, but whether the obligation is such as to deserve to be assimilated to alimony or support for bankruptcy purposes.

It has been regularly so assimilated and thus saved from discharge. See 1A Collier, Bankruptcy, par. 17.18 (14th ed. 1975); Loiseaux, Domestic Obligations in Bankruptcy, 41 N.C.L. Rev. 27, 37-38 (1962). The case is very clear where the State statute treats "alimony" as including counsel fees directed to be paid by one spouse to enable the other to defend or prosecute the matrimonial action. Cf. *Ross* v. *Keith,* 238 App. Div. 640, 641 (N.Y. 1933). So,

---

[1] Actually, the *Densten* case was concerned with the procedural question of when application for counsel fees should be made, as to which see also *Wallace* v. *Wallace,* 273 Mass. 62, 64-65 (1930); *Untersee* v. *Untersee,* 299 Mass. 417, 423-426 (1938); *Coe* v. *Coe,* 320 Mass. 295, 307-308 (1946), rev'd, 334 U.S. 378 (1948); *Hayden* v. *Hayden,* 326 Mass. 587, 594-595 (1950); *House* v. *House,* 368 Mass. 120, 121-122 (1975).; *Dennis* v. *Dennis,* 3 Mass. App. Ct. 361, 363-364 (1975).

too, an inference can be drawn from the framework of a statute where provision for counsel fees appears alongside that for alimony or support. See *Damon* v. *Damon,* 283 F.2d 571, 573 (1st Cir. 1960). Indeed, G. L. c. 208, § 17, has such a juxtaposition; it states in effect that a judge may require payment by a spouse into court for use during the action of amounts to cover litigation expenses of the other spouse and alimony.[2] But the more significant proposition is that a spouse's need for adequate legal representation in a lawsuit affecting the marital status is not materially different from those other needs — from subsistence to the education of children — which fall within the more common meaning of alimony or support, so that a like policy as to discharge in bankruptcy should apply to all. See *In re Hargrove,* 361 F. Supp. 851, 853-854 (W.D. Mo. 1973); *Merriman* v. *Hawbaker,* 5 F. Supp. 432, 434 (E.D. Ill. 1934).

The cases take note of other substantive and procedural similarities that point to the same result. Like alimony or support, a spouse's duty under order of court to pay the other spouse's costs of counsel arises, fundamentally, not from contract but from status. See *Wetmore* v. *Markoe,* 196 U.S. 68, 72-74 (1904); *Jones* v. *Tyson,* 518 F.2d 678, 680 (9th Cir. 1975); *Damon* v. *Damon, supra* at 573. Although, as noted above, particular considerations in measuring this duty may differ from those applicable to alimony or support, the basic factors of need and relative economic positions of the spouses are relevant to all these

---

[2] Section 17, as appearing in St. 1975, c. 400, § 21, reads: "The court may require either party to pay into court for the use of the other party during the pendency of the action an amount to enable him to maintain or defend the action, and to pay to him alimony during the pendency of the action." (The prior version spoke of husband's payments for wife's benefit. Cf. *House* v. *House,* 368 Mass. 120 [1975].)

And G. L. c. 208, § 38, as appearing in St. 1933, c. 288, provides: "In any proceeding under this chapter, whether original or subsidiary, the court may, in its discretion, award costs and expenses, or either, to either party, whether or not the marital relation has terminated. In any case wherein costs and expenses, or either, may be awarded hereunder to a party, they may be awarded to his or her counsel, or may be apportioned between them." (The "costs and expenses" are held to include counsel fees. See *House* v. *House, supra* at 121-122.)

matters. See *Jones* v. *Tyson, supra* at 681; *Nunnally* v. *Nunnally,* 506 F.2d 1024, 1027 (5th Cir. 1975). And the means of enforcing an order for counsel fees correspond to those available for alimony or support. See *Damon* v. *Damon, supra* at 573; *Merriman* v. *Hawbaker, supra* at 434.[3]

We hold that the husband's obligation for counsel fees was not discharged. It follows that the judgment dismissing the petition for contempt was in error and should be vacated.

*So ordered.*

---

[3] The present case is to be distinguished from *Abrams* v. *Burg,* 367 Mass. 617 (1975), where we held that certain remaining payments due under an agreement for a property settlement in connection with a divorce were discharged by the spouse's bankruptcy. The settlement was examined to show that it was not analogous to an agreement regulating the support and maintenance to be paid, which would be nondischargeable. Cf. *In re Hollister,* 47 F. Supp. 154 (S.D.N.Y. 1942), aff'd, 132 F.2d 861 (2d Cir. 1943).