In re Louis M. DELILLO, Debtor.

Jon A. ASGEIRSSON, Plaintiff,

v.

Louis M. DELILLO, Defendant.

Bankruptcy No. 80–00296–G.
Adversary Proceeding No. 4–80–0074.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 25, 1980.

---

Jon A. Asgeirsson, Stoneham, Mass., pro se.

Carl D. Aframe, Worcester, Mass., for defendant.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On April 9, 1980, the debtor filed his petition pursuant to Title 11, Chapter 7 of the United States Code. The first meeting of creditors was held on May 8, 1980 and at that time, June 9, 1980 was set as the last day for filing complaints concerning objections.

On June 6, 1980, the plaintiff arrived after hours at the Bankruptcy Court. He slipped one copy of his complaint under the door where it was discovered at the opening of business on Monday, June 9, 1980. The papers were not complete, however, and the filing was defective because of failure to include the requisite fee and two additional copies of the complaint. Mr. Asgeirsson was contacted via telephone and, on June 12, 1980, corrected the filing deficiency.

On July 9, 1980, counsel for the debtor filed a motion to dismiss the complaint citing procedural deficiency in failing to file within the time period and for failing to state a claim upon which relief could be granted. He asserted that the final day for filing, June 8, fell on a Sunday so June 9 was the final day but the complaint was not filed until June 12, 1980. Additionally, he argues that the complaint seeks to have certain attorneys fees owed by the debtor to the plaintiff for services received in obtaining his divorce declared non-dischargeable as alimony.

Initially, I find the filing not to be defective. The final day for filing was the first business day, June 9, 1980, after the established date which fell on a Sunday. The complaint was here but was defective. The defect was cured on June 12, 1980.

The United States Bankruptcy Court for the District of Massachusetts adopted certain Local Interim Rules of Procedure. Rule 1010 deals with Defective filing and states in part:

. . . If amended to substantially comply with the rules or if the appropriate filing fee is paid within the ten days, the date of filing will be considered to be the date of the first presentation for filing.

Clearly, the rule requires that June 9, 1980, as it was the date of first presentation, should be the date of filing. This is within the appropriate time period and not late. Therefore, the Motion to Dismiss for late filing is DENIED.

The debtor has also claimed that the complaint by the plaintiff fails to state a claim upon which relief can be granted. He claims that the monies owed to the plaintiff for the services performed when the plaintiff represented the debtor in his divorce proceeding prior to his bankruptcy are dischargeable.

The plaintiff asserts that his counsel fees are alimony[1] and, additionally, that as a holder of a valid attorney's lien for services rendered to the debtor more than (4) months before the petition for bankruptcy, the debt should not be discharged.

The Bankruptcy Reform Act of 1978, Title 11 of the United States Code at § 523(a)(5) states that a debt to a spouse, former spouse or child for alimony is non-dischargeable. The Code limits who may object to discharge. The plaintiff is not any of those parties and therefore the complaint is not appropriate. The House Report on the Reform Act of 1978 is dispositive of the issue. At page 364 of that Report,[2] discussing discharge of debts to a

---

1. He cites *Goldman v. Roderigues*, 370 Mass. 435, 349 N.E.2d 335 (1976).

2. The Report of the House Committee on the Judiciary, House Report No. 95–595, para. 4309, § 523 (95th Cong., 1st Session 364, U.S.

spouse, former spouse or child for alimony states:

This language, in combination with the repeal of § 456(b) of the Social Security Act (43 U.S.C. § 656(b)) by § 327 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependant.

The legislative history leaves no doubt that the plaintiff is an inappropriate party to bring the complaint and that the complaint fails to state a claim upon which relief could be granted.

Therefore, the motion to dismiss the complaint is ALLOWED and the complaint is DISMISSED.

Code Cong. & Admin.News 1978, pp. 5787, 6320 (1977)).