**In re Ronald R. FONTAINE.**

**Kathleen Ruth NEWTON,
Plaintiff-Petitioner,**

v.

**Ronald R. FONTAINE,
Defendant-Debtor,**

**and**

**Arnold Blasbalg, Trustee.**

Bankruptcy No. 8000842.
Adv. No. 81–0013.

United States Bankruptcy Court,
D. Rhode Island.

March 27, 1981.

David C. Moretti, Cranston, R. I., for defendant-debtor.

Robert D. Oster, Oster, Groff & Prescott, Lincoln, R. I., for plaintiff-petitioner.

Arnold L. Blasbalg, Providence, R. I., Trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Plaintiff-Petitioner[1] has filed a complaint seeking a determination that cer-

---

1. This case was originally filed listing Kathleen Ruth Newton and Gerald A. Oster, Esq., who represented her at her divorce proceedings, as Plaintiffs. Mr. Oster is not an appropriate par-

tain debts of the Defendant-Debtor, her former husband, be declared nondischargeable. In the present petition, Petitioner alleges that she is unable to pay the $60 filing fee[2] required for an adversary proceeding in the bankruptcy court, and requests that she be allowed to proceed in forma pauperis.

Petitioner was granted a divorce from Debtor by the Rhode Island Family Court on November 30, 1979. Debtor was ordered to pay Petitioner's attorney fees in connection with the divorce, and was also ordered to make all the payments on a loan from Industrial National Bank, with an outstanding balance of approximately $3,000, on which Petitioner and Debtor were co-signors.

On November 6, 1980, the Debtor filed a Chapter 7 bankruptcy petition and listed said obligations in Schedule A(3).[3] Count I of Petitioner's complaint alleges that these debts are in the nature of alimony and are therefore nondischargeable,[4] and Count II charges that they should not be discharged because the loan and underlying services were obtained fraudulently.[5] Petitioner now avers that she is without funds with which to prosecute this action because she is indigent, and requests in the interest of justice, that she be allowed to proceed in forma pauperis under 28 U.S.C. § 1915.[6] Attached to Petitioner's affidavit is a copy of her 1979 federal income tax return (Form 1040A) which indicates a gross taxable income of $5,682.02.

The defendant objects to the motion to proceed in forma pauperis, and on February 10, 1981, a hearing was held at which Petitioner was represented by private counsel. The Petitioner is employed as a bank teller and receives a weekly take-home pay of $132. She has no dependents and lives with her mother to whom she contributes $25 per week for lodging and meals. She owns a 1980 automobile.

■ There is no absolute right to proceed in forma pauperis in the federal courts. *Carter v. Thomas*, 527 F.2d 1332 (5th Cir.

---

ty to object to dischargeability of the alleged alimony payments, *Asgeirsson v. DeLillo*, 7 B.C.D. 38, 5 B.R. 692 (Bkrtcy, D.Mass.1980), and therefore has been deleted from the caption.

2. Title 11 of the Bankruptcy Reform Act of 1978 amended 28 U.S.C. § 1930 to read in part:

"(a) Notwithstanding section 1915 of this title, *the parties commencing a case under title 11* shall pay to the clerk of the bankruptcy court the following filing fees:

"(1) For a case commenced under chapter 7 or 13 of title 11, $60. . . .

"(b) *The Judicial Conference* of the United States *may prescribe additional fees* in cases under title 11 *of the same kind* as the Judicial Conference prescribes under section 1914(b) of this title." (emphasis added)

The Conference, pursuant to 28 U.S.C. § 1930(b)·prescribed, effective October 1, 1979, the following schedule of fees for the United States Bankruptcy Court:

". . . 7. For instituting any civil action, suit or proceeding in a controversy over which the bankruptcy court does not have exclusive jurisdiction, whether by original process, removal or otherwise, $60; *for filing a complaint in a controversy over which the court has exclusive jurisdiction, $15.*" (emphasis added)

Effective March 6, 1980, transmitted by Administrative Office memorandum dated April 10, 1980, the Judicial Conference, under the same statutory authority, increased the filing fee for all complaints to $60.

3. In Schedule A–3 of his petition, Debtor listed: $150 to Gerald A. Oster, Esq. and $3,114.88 to Industrial National Bank.

4. Bankruptcy Code § 523(a)(5), 11 U.S.C. § 523(a)(5).

5. Code § 523(a)(2), 11 U.S.C. § 523(a)(2)

Plaintiff is presumedly contesting the dischargeability of these debts because if Debtor is discharged, she will become liable as co-signor of the loan and as recipient of the legal services.

6. 28 U.S.C. § 1915(a) provides that

Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that, he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

1976). Courts may, however, grant such a request when the fact of poverty is established and the case is not frivolous. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915).

 While mindful that one need not be "absolutely destitute" to qualify, *Adkins v. DuPont Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948), I find as a fact and conclude as a matter of law that the evidence in this case fails to establish the Petitioner's indigency as that term is used with respect to in forma pauperis petitions. Notwithstanding this conclusion, the Court understands that requiring the Petitioner to pay the $60 filing fee in a lump sum may be burdensome. Therefore, the Clerk of this Court is instructed to allow Petitioner to make installment payments of $10, payable bi-weekly, to meet the filing fee requirement. *Cf., Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex.1977) (partial payment of filing fees). As to the timeliness of the filing of the complaint to determine dischargeability, it is deemed filed on January 7, 1981, the date it was received by the Clerk of this Court. *See, Wren v. American Cast Iron Pipe Co.*, 575 F.2d 544, reh. den., 578 F.2d 871 (5th Cir. 1978).

It should be noted that this decision deals solely with the question whether the petitioner is excused from paying the required filing fee, and is without prejudice to any of Ms. Newton's other in forma pauperis rights, *Braden v. Estelle, supra,* or from moving the Court to award costs should she prevail on the merits.