## In the Matter of Donald G. BRASSARD, Debtor.

### Edna J. BRASSARD, Plaintiff,

v.

### Donald G. BRASSARD, Defendant.

**Bankruptcy Nos. 80 B 14764, 80 A 2445.**

United States Bankruptcy Court, N. D. Illinois, E. D.

May 19, 1981.

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are Title 11, United States Code, the Bankruptcy Code, unless otherwise stated.

Joseph J. Tryner, Wilmington, Ill., for plaintiff.

Francis J. Loughran, Joliet, Ill., for debtor.

## OPINION AND ORDER

RICHARD L. MERRICK, Bankruptcy Judge.

This cause came on for decision upon the complaint of Edna J. Brassard (hereinafter "the Wife") that a judgment entered in a state court proceeding[1] be held nondischargeable under the provisions of § 523(a)(5) of the Bankruptcy Code[2] on the ground that it constitutes alimony. The debtor, Donald G. Brassard (hereinafter "the Husband") filed a general denial, which is not a proper pleading under Rule 708 of the national Rules of Bankruptcy Procedure.[3] Nevertheless, a pretrial conference was held at which it was determined that the only issue before the Court was the question of the applicability of § 523(a)(5), which would be decided as a question of law by the Court. A briefing schedule was set in which the last brief was to be filed March 15, 1981. No briefs have been filed by either party.

It appears that a divorce decree was entered November 24, 1980, in which the Hus-

---

1. In the matter of the Marriage of Edna J. Brassard and Donald G. Brassard, Husband and Wife, Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, No. 79 F 3925 D.

2. 11 U.S.C. § 523(a)(5).

3. *In re Crawford*, 2 B.R. 589 (Bkrtcy.N.D.Ill. 1980).

band was found "guilty of extreme and repeated mental cruelty within the meaning of the Illinois Marriage and Dissolution of Marriage Act."[4] The Husband was awarded the marital residence and given responsibility for payment of the first and second mortgage upon it, as well as six other debts, which probably were related to expenditures relating to the upkeep of the house and could be considered as being joint debts of the parties. The Husband was ordered to save the Wife harmless with respect to those debts only.

The Wife was awarded custody of the children, "both of whom are now over the age of 19 years." No provision was made for child support, but the Court draws no inference from that because it is the normal circumstance where the children's education is not continuing, about which there is no clue.

The Husband was directed to pay to the Wife "the sum of $1,000 as her equity in the real estate and other property" and also "pay as additional maintenance to Petitioner the sum of $1,050 to reimburse her for legal fees herein." It was particularly with respect to the payment of attorney's fees that the briefs of the parties were to be directed.

The question of whether attorney's fees were to be considered as constituting alimony within the meaning of § 17(a)(7) of the Bankruptcy Act[5] was established for this circuit by In re Cornish[6], 529 F.2d 1363 (7 Cir. 1976), which dealt with a narrower Illinois statute. § 508(b) of the present Illinois Act is considerably broader and provides that attorney's fees may be awarded to be paid either to the party to the proceeding or to the relevant attorney.

The Court is aware of a number of cases[7] interpreting the Bankruptcy Code which have adopted either or both of two fundamental principles:

(a) the meaning of "alimony" now is a matter of Federal law, and the Bankruptcy Courts are no longer obliged to follow state law, and

(b) "alimony" has a narrower meaning under the Bankruptcy Code than it did under the Bankruptcy Act interpretations of local laws.

 Under the circumstances of this particular case in which the defendant did not plead specific defenses and did not file a brief delineating its position, the Court is not going to undertake an exhaustive analysis of the issue and will assume the prima facie proposition that until shown to be contrary, the Federal law applicable in Illinois will be assumed to be the same as Illinois law. Thus we hold that the $1,050 awarded as attorney's fees does constitute alimony within the meaning of § 523(a)(5) and is non-dischargeable. The $1,000 which constituted payment for the equity in the real estate is more in the nature of a commercial transaction in which value is paid for property. Thus it does not constitute "alimony" within the meaning of § 523(a)(5) and is dischargeable.

The factual allegations of the complaint are so sparse that the Court has no way of telling whether or not the Wife has quitclaimed her interest in the marital residence to the Husband; her obligation to do so remains conditioned upon his making of payment for it.

Paragraph 6 of the divorce decree provided:

"That Respondent Donald G. Brassard is to pay to Petitioner, through the Clerk of this Court, the sum of $100.00 per week for a period of 5 years, the first such payment to commence one week after the entry of this judgment order."

---

4. 1979 Ill.Rev.Stat., Ch. 40, Secs. 101–802.

5. Bankruptcy Act of 1898, as amended—11 U.S.C. § 35(a)(7), now repealed.

6. In re Cornish, 529 F.2d 1363 (7 Cir. 1976).

7. In the Matter of Spong, 3 B.R. 619, 1 C.B.C.2d 1104 (Bkrtcy.W.D.N.Y.1980).

In re Delillo, 5 B.R. 692, 7 B.C.D. 38 (Bkrtcy. D.Mass.1980).
In re Bell, 5 B.R. 653, 6 B.C.D. 833 (Bkrtcy.W. D.Okl.1980).
In re Knabe, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy. S.D.Ind.1980).

Typical alimony is characterized by persisting regular payments of specific sums, usually geared in some manner to what the recipient's living expenses might be and calibrated also to the ability to pay of the person responsible for the payments. In its outlines the requirements of Paragraph 6 appear to fall within the customary perimeter, and it is held to constitute alimony as that term is used in § 523(a)(5). The obligation to continue making payments of $100 per week is not discharged.