GLENNA BORGARELLO vs. CHARLES BORGARELLO.

Barnstable. December 8, 1982. — April 7, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Probate Court,* Jurisdiction, Counsel fees. *Jurisdiction,* Probate Court.
   *Attorney at Law,* Compensation, Conflict of interest. *Divorce and
   Separation,* Counsel fees.

A Probate Court judge had no authority to order a party in a divorce pro-
   ceeding to pay her own counsel fees and expenses in an amount to be·
   determined by the judge, despite an agreement between the parties
   providing that each would pay his or her own legal fees and that the
   fees would be set by a Probate Court judge. [653-654]

COMPLAINT for divorce filed in the Barnstable Division of
the Probate and Family Court Department on July 16,
1980.

The case was heard by *Sullivan, J.*

After review was sought in the Appeals Court, the
Supreme Judicial Court ordered direct appellate review on
its own initiative.

*Robert A. Bianchi (Thomas C. Paquin* with him) for the
plaintiff.

*Maurice M. Goldman (Nina Parker* with him) for the de-
fendant.

O'CONNOR, J.   Glenna and Charles Borgarello were
divorced by a judgment nisi on August 25, 1981.   The judg-
ment provided that the parties were bound by an agreement
dated August 25, 1981, which was merged in the judgment
and was to have no independent legal significance.   The
agreement provided that each of the parties would pay his
or her own legal fees and that the fees would be set by a
judge of the Barnstable County Probate and Family Court.
Counsel for Charles filed a motion in his own name that his

fee be determined. Glenna, through counsel, filed a motion that "there be ordered to be paid to Plaintiff's [Glenna] Attorney a sum to be determined by the Court as an allowance to prosecute Plaintiff's complaint for divorce." In light of the judgment requiring each party to pay his or her own counsel fees, this was a motion to require Glenna to pay her own counsel fees in an amount to be determined by the judge. The parties on appeal make no contrary contention. These motions, supported by affidavits of counsel, were filed and allowed on the day judgment was entered, and counsel's fees and expenses were determined by the judge. Glenna, who is now represented by new counsel, appeals from the judgment of divorce, essentially on the ground that the judge lacked authority to order her to pay her counsel fees and expenses in an amount to be determined by the judge. We agree, and we reverse the judgment in so far as it orders that Glenna's counsel fees and expenses shall be in an amount to be determined by a judge of the Probate and Family Court.

The Probate and Family Court lacks jurisdiction to render a judgment that a party to a divorce proceeding must pay his or her own counsel fees and expenses in an amount to be set by a judge of that court. Subject matter jurisdiction cannot be conferred by the parties, *Litton Business Syss.* v. *Commissioner of Revenue,* 383 Mass. 619, 622 (1981); *Dennis* v. *Dennis,* 337 Mass. 1, 4 (1958), and it is not conferred by G. L. c. 208, § 38.

General Laws c. 208 governs divorces. General Laws c. 208, § 38, provides that in any proceeding under c. 208 the court may award costs and expenses, or either, to either party, and it further provides that these costs and expenses may be awarded to his or her counsel. *House* v. *House,* 368 Mass. 120, 122 (1975). Costs and expenses include counsel fees. *Sack* v. *Sack,* 328 Mass. 600, 605 (1952). *Hayden* v. *Hayden,* 326 Mass. 587, 594 (1950). Section 38 of G. L. c. 208, like §§ 34, 34A, 34B, 34C, 35, 36, 36A (added by St. 1982, c. 481, § 1), and 37, which provide as to alimony, is designed to allocate resources fairly between the parties to

a divorce, not between a party and his or her counsel. We recognized the similarity between alimony and the payment of counsel fees in *Goldman* v. *Roderiques,* 370 Mass. 435, 436-438 (1976), in which we held that a court-imposed obligation to pay counsel fees is similar to alimony or support for bankruptcy purposes, and requires consideration of the relative economic positions of the spouses.

The effect of the judgment provision that each of the parties would pay his or her own legal fees was to preclude the application of G. L. c. 208, § 38, absent subsequent grounds for modification. As a result, the amount of the fee is to be determined by the application of ordinary contract principles, see *Sack* v. *Sack, supra* at 605, *Hayden* v. *Hayden, supra* at 596, and judicial resolution cannot be by judgment of the Probate and Family Court, which lacks jurisdiction over such matters.

There is an additional reason why the judgment cannot stand without modification. The procedure for setting fees pitted lawyer against client. There was an inherent conflict between their interests in the amount of the fee. In his effort to persuade the judge that his fee was fair, the lawyer could not represent Glenna, whom he was charged to represent, and she was left unrepresented in that regard. No justification is afforded by Glenna's agreement that the judge determine her counsel's fee, concerning which she had no independent advice of counsel. We reverse the judgment in so far as it orders that Glenna's counsel fees and expenses shall be in an amount to be determined by a judge of the Probate and Family Court. In all other respects the judgment is affirmed.

*So ordered.*