Furnari, J.
This is an action in contract to recover $17,434.00 for legal services rendered by the plaintiff attorney in representing the defendant in a contempt action against the defendant’s former husband in the Middlesex Probate Court.
The sole issue presented on this appeal is whether the $7,500.00 amount of the *203 Probate Courf s G.L.c. 215, §34A award of reasonable attorney’s fees to the defendant and against the contemnor for the plaintiff’s services in the contempt action limits, on res judicata grounds, the amount of fees recoverable in the present action for the defendant’s breach of the parties’ attorney-client fee agreement.
The record indicates that on October 14, 1989, defendant Judith A. Gorgone (“Gorgone” or “the defendant”) retained plaintiff Florence M. Berke (“Berke” or “the plaintiff’) to represent her in a contempt action brought by Gorgone in the Middlesex Probate Court against her former spouse for his failure to make child support payments. Gorgone agreed to pay the plaintiff an hourly rate of $150.00 for her legal services.
The Probate Court adjudged Gorgone’s husband to be in contempt and awarded Gorgone more than sixteen thousand dollars in support payment arrear-ages. Despite the successful prosecution of Gorgone’s contempt action, the Probate Court rejected Gorgone’s claim for counsel fees in the amount of $17,662.50, and instead assessed G.L.c. 215, §34A reasonable attorney’s fees in the amount of $7,500.00. Such reduced assessment was based on the Court’s extensive findings of fact that Berke’s often ineffective and ill-prepared performance at trial contributed, along with the contemnor’s obstructionist tactics and flagrant disregard of court orders, to the needless protraction of the five day contempt proceeding.
On October 25, 1991, Berke instituted the present action in contract for legal services rendered in accordance with the parties’ fee agreement. Gorgone’s answer alleged by way of affirmative defense that the $7,500.00 Probate Court attorney’s fee award constituted a cap on the amount of attorney’s fees which Berke could charge for her legal services, and effectively nullified the fee agreement between the parties.
The trial judge, with the consent of both parties, initially elected to bifurcate the trial of the liability and damages issues. On the first day of trial, however, the judge announced that she would consider Gorgone’s affirmative defense of res judicata as a motion for summary judgment.[1] So considered, the trial judge ruled that
[bjased upon the fact that the issue of reasonable attorneys fees was previously litigated and established by the probate court, in written findings that were warranted and supported by the evidence, this Court rules that plaintiff-attorney Berke’s claim for attorneys fees in the instant suit against her former client, defendant Judith Gorgone, will be limited to $7,500.00.
The court ordered partial summary judgment for defendant Gorgone which limited Berke’s damages to $7,500.00. A final judgment in the amount for $7,500.00 was thereafter entered by the court.
The principles of prior adjudication, embodied in the more familiar term “res judicata” utilized by the parties herein, preclude the relitigation of a claim or issue that was raised and decided in an earlier action between the parties. See generally, Bagley v. Moxley, 407 Mass. 633, 636-637 (1990); Larson v. Larson, 30 Mass. App. Ct. 418, 426-427 (1991). The successful assertion of this affirmative defense requires the concurrence of three factors; namely, a common issue or claim, which was decided against the party attempting to relitigate the matter, in a prior proceeding between the same parties or their privies. Commonwealth v. Lopez, 383 Mass. 497, 499 (1981); Hopkins v. Holcombe, 308 Mass. 54, 57 (1941); Bradford v. Richards, 11 Mass. App. Ct. 595, 597 (1981). On the basis of the record before us, we conclude that the defendant failed to satisfy her burden of establishing that plaintiff Berke’s contract claim for attorney’s fees in this action was barred or limited by the Probate Court’s prior G.L.c. 215, §34A assessment.
*204 The Probate Court contempt proceeding and the present contract suit for legal services rendered do not involve the same parties, the same cause of action or the same dispositive issues. Where the “targets” of two actions are distinct, and the actions are not founded upon a violation of the same legal rights, principles of prior adjudication are generally not implicated. Roche v. Roche, 22 Mass. App. Ct. 306, 311 (1986); Bradford v. Richards, supra at 599. The present action in law asserts Berke’s contract rights against Gorgone. The recovery sought is payment at an agreed upon rate for professional services rendered rather than for reasonable attorney’s fees on a quantum meruit theory. S ee First Natl Bank of Boston v. Brink, 372 Mass. 257, 264 (1977); Beatty v. NP Corp., 31 Mass. App. Ct. 606, 611 (1991).
Conversely, the Probate Court action was a statutory contempt proceeding against Gorgone’s former spouse for his violation of court orders. The action was intended not only to secure Gorgone’s recovery of the contemnor’s support payment arrearages, but also to visit upon the contemnor the sanctions imposed by the Legislature in furtherance of the public interest in punishing and deterring the disregard of family support obligations. See Olmstead v. Murphy, 21 Mass. App. Ct. 664 (1986). The G.L.c. 215, §34A award of Gorgone’s reasonable attorney’s fees against the contemnor was one such sanction.
The assessment of reasonable attorney’s fees as a statutory sanction is not the equivalent of a determination of attorney’s fees due under an attorney-client fee agreement for services rendered. See Sack v. Sack, 328 Mass. 600, 605 (1952); Hayden v. Hayden, 326 Mass. 587, 596 (1950). First, “the claimants under the [fee] agreement and the statute, respectively, are not the same person. The statute makes the prevailing parly, not the lawyer, eligible for an award of legal costs.” Smith v. Consalvo, 37 Mass. App. Ct. 192, 195 (1994). The contempt action was a suit by Gorgone against her former spouse. Plaintiff Berke was not a party to such proceeding, her individual interests were not represented therein and she lacked any standing to appeal the G.L.c. 215, §34A Probate Court order now relied upon by Gorgone. No preclusive effect is generally accorded to a finding or determination made in a proceeding in which a litigant was not a party and was not afforded an adequate opportunity to be heard. Corrigan v. General Electric Co., 406 Mass. 478, 483 (1990); Martin v. Ring, 401 Mass. 59, 62 (1987); Foster v. Evans, 384 Mass. 687, 696 (1981). Berke’s submission on Gorgone’s behalf of evidence relevant to the Probate Court’s assessment of reasonable attorney’s fees was not the equivalent of a submission of Berke’s contract claim against Gorgone pursuant to their attorney-client fee agreement. Such contract claim could not have been raised in, or adjudicated by, the Probate Court in the prior proceeding. See Borgarello v. Borgarello, 388 Mass. 652, 654 (1983).
Second, G.L.c. 215, §34A reasonable attorney’s fees are awarded on “strictly conservative principles” because they are assessed against the contemnor who is not the attorney’s client and who did not receive the attorney’s services. Hayden v. Hayden, supra at 595. See generally, Strand v. Hubbard, 31 Mass. App. Ct. 914, 915 (1991); Robbins v. Robbins, 19 Mass. App. Ct. 538, 544 (1985). The standard for statutory attorney’s fees imposed as a sanction is more restrictive than the standard applicable in the present contract action. Thus in Smith v. Consalvo, supra, the Appeals Court ruled that the amount of reasonable attorney’s fees awarded in a 42 U.S.C. §1988 action did not bar or limit the recovery by the attorney in a subsequent contract action against his client based on the parties’ contingent fee agreement. The Court stated:
When legal expenses are collected from a party other than the one who received the legal services, a degree of conservatism in fee determination is in order.... As between lawyer and client, the case stands differently; courts then are less conservative because the amount of the fee is ordinarily something that has been discussed and agreed upon. ... Sec *205 tion 1988 does not prevent clients from contracting to pay a fee which may exceed the amount determined as reasonable under the statute, and the statute should not be read as insulating those clients from paying the fees they have contracted to pay.
Id. at 196.
On the basis of the foregoing, we conclude that the $7,500.00 amount of G.L.c. 215, §34A reasonable attorney’s fees assessed in the prior Probate Court action does not preclude or limit on res judicata grounds the damages recoverable by plaintiff Berke in this contract action for services rendered in accordance with the parties’ fee agreement.
The summary judgment entered by the trial court is hereby vacated. This matter is returned to the Newton Division for trial.
So ordered.

Ties judicata may be properly asserted on a motion for summary judgment. Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 426 (1992).