**In re Richard Allen EIKENBERG, Debtor.**

**Loretta A. KUBICEK, Plaintiff,**

v.

**Richard Allen EIKENBERG, Defendant.**

**Bankruptcy No. B88–4129.
Adv. No. B89–116.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 19, 1989.

William R. Giesser, North Olmsted, Ohio, for plaintiff.

Bernard J. Schreiner, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

Plaintiff Loretta A. Kubicek filed a complaint to determine the dischargeability of certain debts listed on the schedules of Richard Allen Eikenberg, her former husband and the Debtor herein. These obligations, all for credit card purchases, are as follows:

| | |
|---|---|
| Ameritrust Bank | $1,150.00 |
| Ohio Savings Bank | 2,500.00 |
| Bank One, Visa | 2,200.00 |
| National City Bank | 1,200.00 |

These debts were originally joint debts of the parties. As provided in their separation agreement (Agreement) and judgment entry, Debtor agreed to assume these debt obligations alone. Debtor, however, points to the following sentence in paragraph 7 of the Agreement as denying Plaintiff the right to bring this proceeding: "In the event he [debtor] should file a bankruptcy petition under Chapter 7 or Chapter 13, she [Plaintiff] will not contest his discharge on previously joint debts." Debtor did file a petition under Chapter 7 on November 1, 1988. Relying on that provision of the Agreement, Debtor filed a *motion for summary judgment which the Court denied,

finding that the language, meaning, and intent of the signed agreement was not so clear and unambiguous as to entitle Debtor to summary judgment as a matter of law.

Pursuant to the requirement of R.7052, Bankr. Rules, the following constitutes the Court's findings & conclusions. From the evidence and pleadings the Court finds the facts as follows:

1. The parties were married 15 years and had two children. They had been separated for 1 year prior to the divorce (Plaintiff, Direct EX.).

2. The parties were married at age 18. Both parties worked during most of the marriage. Plaintiff has taken some college courses at Tri–C. Debtor acquired a Master's degree in business administration during the marriage. It was financed through student loans and marital funds. (*Id.*)

3. The separation agreement and judgment entry of divorce were both signed on May 18, 1988. The Plaintiff received custody of the couple's two minor children, and Debtor was ordered to pay support of $57.00 per week per child plus medical, dental and hospitalization expenses of the children. (PX 1).

4. Plaintiff also received the marital residence, which was purchased by the parties in June, 1985 for $66,000.00, subject to a present mortgage of approximately $63,000.00. Upon transfer, Plaintiff assumed the mortgage. (PX 1) She also received the household goods, a car and some small pieces of jewelry. (Plaintiff, Direct EX.).

5. Both parties were represented by their present counsel in the divorce proceedings. The separation agreement and judgment entry of divorce were prepared by Debtor's attorney.

6. At the time of the divorce Plaintiff's expenses were $1,974.00 per month while her income was $1,150.00 per month. Her parents helped her with living expenses. (PX 4, Plaintiff, Direct EX.) At present she works at the same job and nets $615.00—$635.00 biweekly, depending on deductions.

7. Defendant was earning $25,000.00 to $26,000.00 annually at the time of divorce, grossing $1,982.00 per month. Expenses, which included the debts at issue and child support were $1,891.00. (PX 3). Debtor has been living and working in Toledo since the Fall of 1988. He now earns $37,000.00 per year and nets $1,800.00 per month after payment of child support. (Debtor, X-exam).

8. Plaintiff testified that she suffers from Crohn's Disease, a chronic inflammatory disease of the digestive tract, which places her at high risk for cancer. The condition was diagnosed shortly after the marriage, requires her to take daily medication, and has involved many surgeries and biopsies. (Plaintiff, Direct EX.)

9. Debtor has listed the monthly payments on the credit card debts that are the subject of this adversary proceeding as his expenses both on the alimony worksheet (PX 3) and in his bankruptcy schedules but has failed to maintain payments. Plaintiff has had to pay the National City Bank debt as a result of a judgment taken against her. She has also been sued by another creditor. (Plaintiff, Direct EX.)

## II.

Section 523 excludes from discharge debts

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actual-

ly in the nature of alimony, maintenance or support;

[11 U.S.C. 523(a)(5)(B)]

██ This determination is made under federal bankruptcy law. *Williams v. Williams, (In re Williams)*, 703 F.2d 1055 (8th Cir.1983); see also H.R. No. 95–595, 95th Cong., 1st Sess. 364 (1977), as reprinted in [1978] U.S.Code Cong. and Adm. News 5963, 6320 and S.Rep. No. 95–989, 95th Cong., 2nd Sess. 79 (1978), reprinted in [1978] U.S.Code Cong. and Adm. News 5787, 5865. The intent of the parties or the state court in creating an obligation, however, is of primary consideration in determining the nature of the debt. *Long v. Calhoun, (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983). Exceptions to discharge are to be strictly construed in favor of the debtor. A creditor objecting to the dischargeability of debts bears the burden of proof that the debts are properly within one of the statutory exceptions. *In re Skaggs*, 91 B.R. 1018 (Bankr.S.D. Ohio 1988). When ambiguity exists in a separation agreement, the rule of contract construction requires that ambiguities be construed against the drafter (herein the debtor). *Helitzer v. Helitzer*, 761 F.2d 582 (10th Cir.1985); *In re Walkington*, 42 B.R. 67, 71 (Bankr.W.D.Mich.1984).

### III.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2)(I), with jurisdiction conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. Pursuant to the requirements a determination of the dischargeability of debts in this case is controlled by the Sixth Circuit decision in *Calhoun, supra*, which also involved a debt-assumption provision in a separation agreement. *Calhoun* at 1109–1111 sets forth a three-prong test to assist the bankruptcy court in determining whether an award is a support obligation as opposed to a property settlement:

(1) whether the state court or the parties intended to create an obligation to provide support to the spouse;

(2) whether the obligation has the effect of providing the support necessary to ensure that the daily needs of the spouse and any children are satisfied; and

(3) whether the amount of support represented by the obligation is not so excessive that it is manifestly unreasonable under traditional concepts of support.[1]

Guidance from the state court as to the factors it considers in determining intent to create support are found in O.R.C. § 3105.18(B). *Inter alia*, they include:

(1) the relative earning abilities of the parties;

(2) the ages, and the physical and emotional conditions of the parties;

(3) the retirement benefits of the parties;

(4) the duration of the marriage;

(5) the relative extent of education of the parties.

Here the Debtor has substantially more earning power. His schedules reveal that he owes $2,869.08 on general consumer debt, and $2,066.60 in priority debt for taxes. In addition he is responsible for a student loan in the amount of $6,300.00. In accordance with the Agreement, Debtor is no longer responsible for the $65,000.00 mortgage loan that he includes in his Chapter 7 petition. These debts are not so excessive that Debtor should not be expected to assume the subject debts as well. Indeed, if the Debtor obtains a discharge, the aforementioned general consumer debt will be discharged, aiding the Debtor in the fresh start that is the objective of the Bankruptcy Code. The Plaintiff is the custodial parent of two minor children and she testified that she forbore her higher education to allow Debtor to pursue his. He now holds a master of science degree in International Business Management acquired during the marriage. Plaintiff has

---

1. If the bankruptcy court finds the loan assumption too excessive to be considered in the nature of support, *Calhoun* then requires the court to

set a reasonable limit on support. *Id.* at 1110. This requirement is not applicable to the instant case.

a chronic illness which requires hospitalizations and increased medical expenses. Her doctors have recommended that she work only part-time.

Regarding the intent of the parties, Plaintiff stated that it was her understanding that Debtor's assumption of the joint debts was in lieu of alimony. For this reason she, on her own initiative, crossed out a sentence in the Separation Agreement, ¶ 7, which described the assumption of these debts as a property settlement and not alimony (PX 1). She testified that the Debtor was unable to pay actual monthly cash as alimony because of his assumption of the marital debts. Plaintiff's testimony is found to be credible.

■ Following the aforementioned deleted sentence is the one that Debtor relied upon in his motion for summary judgment enjoining Plaintiff from contesting the dischargeability of previously joint debts. *Id.* Prepetition provisions which attempt to waive a postpetition right to contest dischargeability are unenforceable. *In re Warner*, 5 B.R. 434, 441, 6 B.C.D. 788, 791 (Bankr.D.Utah 1980).

■ Debtor places reliance on the first full paragraph of page 4 of the state court judgment entry (PX 1) which indicates that the parties waive all claims and rights to alimony and that the judgment entry is in full satisfaction of both parties' rights. He also calls the Court's attention to paragraph 6 of the Separation Agreement, which is labelled "Alimony" and likewise states that the provisions of the agreement are in full satisfaction of both parties' rights to alimony. These provisions are ambiguous as to alimony. When read in *pari materia*, they fail to clearly express an intent of the parties for or against alimony. Consequently they cannot be relied upon even as an indication of the intention of the parties. Further, this Court is not bound by any labels which the state court or the parties place upon a decree but must look beyond the form to the substance of the liability and to the function the parties or the court intended the award to serve. *In re Spong*, 661 F.2d 6 (2nd Cir.1981). Upon due deliberation, it is hereby determined that the subject obligations were intended to be in the nature of support.

The next inquiry under the *Calhoun* test is whether the obligation has the effect of providing the necessary support. *Calhoun* notes that "[i]f without the loan assumption the spouse could not maintain the daily necessities, such as food, housing and transportation, the effect of the loan assumption may be found 'in the nature of' support for purposes of the Bankruptcy Act." *Calhoun* at 1109. Such is the case here. Plaintiff's expenses for necessities exceed her income. She could not maintain her household without Debtor's assumption of these marital debts. They are in the nature of support.

The last *Calhoun* factor is whether the amount of support represented by the assumption is so excessive as to interfere with the fresh start concept underlying federal bankruptcy law. *Calhoun* notes that if circumstances of the debtor have changed, the Court may consider the debtor's current general ability to pay insofar as it relates to the continuing obligation to assume the joint debts. *Calhoun* at 1110, fn. 11. The Debtor is now earning $37,000.00 a year, at least $11,000.00 more than at the time of his divorce, yet a comparison of Debtor's income and expenses prepared October 5, 1987 at the time of the divorce, with his expense sheet at the time of bankruptcy, November 1, 1988, show a net income of $1,982.00 at the time of divorce and $1,689.73 at the filing of Debtor's petition. Debtor is now receiving $1,800.00 a month after deduction for child care, which is listed as an expense on both expense sheets (Debtor, X-exam). Certain other items on these expense sheets seem incredible, for example, a doubling of rent from $280.00 to $560.00, and an increase in charitable contributions from 0 to $260.00 monthly. Debtor includes installment debt on the credit cards as $440.00 a month on both expense sheets. At that rate of repayment, Debtor should be able to repay the credit card obligations in approximately sixteen months. Therefore it would not be "manifestly unreasonable under traditional

concepts of support" for him to assume these debts.

Accordingly, since, under paragraph 7 of the Separation Agreement, Debtor was obligated to pay the four credit card debts, and in view of the parties' disparate earning capacities, their disparate educational achievements, and the relative expense obligations of the parties, the subject debts are appropriately characterized as support obligations.

Accordingly, the subject debts are non-dischargeable, and judgment will be entered for the Plaintiff. Each party is to bear its respective costs and fees.

IT IS SO ORDERED.