**In re Edward Earl ROBINSON, Debtor.**

**Charlotte M. ROBINSON,**
**Plaintiff–Appellee,**

v.

**Edward Earl ROBINSON,**
**Defendant–Appellant.**

**No. 90–1130.**

United States Court of Appeals,
Tenth Circuit.

Nov. 28, 1990.

Milnor H. Senior, III, Robert I. Cohen and Michael J. Vos, Denver, Colo., for defendant-appellant.

Jorge E. Castillo, Denver, Colo., for plaintiff-appellee.

Before LOGAN, SEYMOUR, and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

This appeal arises out of a bankruptcy proceeding in which Edward Earl Robinson sought relief in the form of discharge from an obligation imposed upon him in the divorce proceeding dissolving his marriage with Charlotte Robinson. That proceeding ordered that the family home be assigned

to Charlotte, who would have to take over payments on the first deed of trust secured by a mortgage on which both were liable, but that payments on the second deed of trust (executed to help finance purchase of assets assigned to Edward) of $360.37 per month would have to be paid by Edward. The court not only ordered Edward to "pay all indebtedness" on the second deed of trust but "to hold [Charlotte] harmless." V R. pl.ex. 4. When Edward failed to make his payments on the debt, Charlotte refinanced by entering into a new second deed of trust for which she was solely liable, but at a reduced interest rate.[1]

In the bankruptcy proceeding, objecting to discharge, Charlotte asserted that the $360.37 per month Edward was required to pay was in the nature of support, maintenance, or alimony and thus was nondischargeable under 11 U.S.C. § 523(a)(5). In opposition, Edward asserted that the obligation was part of a property settlement, hence dischargeable, and additionally that the debt no longer existed because of Charlotte's action in refinancing, which removed his personal guaranty and allegedly extinguished his obligation.

■ We agree with the district court that the bankruptcy judge did decide that the obligation was in the nature of alimony, maintenance or support. *See* III R. 39–41. We reject Charlotte's contention that Edward failed to preserve this issue on appeal to the district court. An appellee may defend the judgment won below on any ground supported by the record without filing a cross appeal. *See Koch v. City of Hutchinson*, 847 F.2d 1436, 1441 n. 14 (10th Cir.) (en banc), *cert. denied*, 488 U.S. 909, 109 S.Ct. 262, 102 L.Ed.2d 250 (1988). The district court found the ruling on the nature of the obligation to be a fact finding that was sufficiently supported by the record such that it could not be found to be

clearly erroneous. *In re Robinson*, 113 B.R. 687, 689–90 (D.Colo.1990). After reviewing the record, we agree.

■ The district court reversed the bankruptcy court's finding, reviewable on a de novo standard, that the obligation to the wife was extinguished by the refinancing. *See id.* at 690–91. Edward challenges this holding, arguing that it permits Charlotte to alter his obligations without court approval. Brief of Appellant at 15. We disagree.[2] The district court, and the cases cited in its opinion, hold that the status of the underlying debt has no effect on the original obligation to hold one's spouse harmless. *See In re Robinson*, 113 B.R. at 691. Thus, Charlotte's act of refinancing has no effect on the terms of Edward's obligation to hold Charlotte harmless on the original second deed of trust; he continues to be obligated according to the terms of that instrument. We believe the "hold harmless" language is not essential to a finding of Edward's continuing liability, inasmuch as he was also ordered to make the payments. Nevertheless, the order to pay does define the amount of the monthly payments and the period over which they are to be paid. Charlotte's act of refinancing, when Edward defaulted on his obligation, simply allows her to stand in the place of Finance America, original holder of the second deed of trust. Accordingly, we affirm the district court's decision that Edward's obligation was not extinguished by refinancing and the payments he was ordered to pay to Finance America he now must make to Charlotte.

AFFIRMED.

---

1. After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R. App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Charlotte apparently has never suggested that Edward is obligated according to the terms of the new second deed of trust. *See* Brief of Appellee at 15–16 ("We do not contend, and we have never contended, that the Husband's liability to the Wife should be measured by any yardstick other than the one defined by the original obligation.").