**In re Steve WILLIAMS, Debtor.**

**Steve WILLIAMS, Plaintiff,**

v.

**LaVon WILLIAMS, Defendant.**

**Bankruptcy No. 94–32287.
Adv. No. 95–3004.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Nov. 20, 1995.

Raymond Beebe, Toledo, Ohio, for Plaintiff.

Sharon Griffin, Toledo, Ohio, for Defendant.

**OPINION AND ORDER DENYING
COMPLAINT AND EXCEPTING
DEBTS FROM DISCHARGE**

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon Debtor Steve Williams' (the "Debtor") adversary

complaint which seeks to discharge the Debtor's obligation, imposed by a divorce decree (the "Decree"), to repay certain credit card debts incurred during his former marriage to LaVon Williams ("LaVon"). The Court finds that the Debtor's complaint is not well taken and should be denied. The Court further finds that the Debtor's obligation to repay the credit card debts imposed by the Decree should be excepted from discharge.

### FACTS

The Debtor filed a petition under chapter 7 of title 11 on September 14, 1994.

The Debtor and LaVon were married on November 22, 1980 and divorced on June 9, 1994.

The Decree granted LaVon custody of the parties' 13 year-old child, Tiffany. *See* Joint Exhibit 1, Decree, at p. 3. Tiffany suffers from chronic asthma. *See* Joint Exhibit 1, Decree, at p. 3.

The Decree awarded LaVon the former marital residence, subject to prior liens. *See* Joint Exhibit 1, Decree, at p. 8.

The Debtor concedes that his obligations under the Decree for spousal support of $119.61 per month, during the eighteen months following the divorce, and for child support of $397.35 per month are nondischargeable.

However, the Debtor seeks to discharge his obligation under the Decree to repay approximately $9,570.48 in credit card debts from his former marriage (collectively the "Credit Card Debts"). The Decree requires the Debtor to "fully pay and [be] responsible for" credit card debts to J.C. Penney, Sears, Sears—Plus, Chemical Bank, and the Lion Store. Decree, at p. 10–11. Further, the Decree requires the Debtor to repay one-half of a $2,900.00 marital debt to Norwest Bank Visa. *See* Decree, at p. 10.

At the time of the Decree, the Debtor earned a gross income of $23,740.00 per year and LaVon earned a gross income of $20,-517.00 per year. LaVon's monthly expenses for herself and Tiffany approximated $2,049.16 at the time of the Decree, exclusive of the required payments on the parties' credit card debts. *See* Joint Exhibit 4, at p.

6. The Debtor's monthly expenses approximated $2,075.00. *See* Joint Exhibit 2, at p. 5.

LaVon earns a net income of $1,200.33 per month as a corrections officer for Lucas County Court Services. *See* Joint Exhibit 7, Defendant's Budget. Although LaVon receives $398.56 per month in child support from the Debtor, she testified that his payment of this obligation has been sporadic. LaVon's current monthly expenses, including repayment of the Credit Card Debts, approximate $1,723.06 per month. *See* Joint Exhibit 7, Defendant's Budget. LaVon testified that these expenses represented the "basics of life".

The Debtor's bankruptcy schedules assert that his monthly net income totals $884.00 and his monthly expenses total $1,306.00. *See* Joint Exhibits 5 and 6.

### DISCUSSION

**Applicable Statute**

Section 523(a) provides, in relevant part, that:

[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

... (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C. § 523.

**Burden of Proof**

██ LaVon bears the burden of proof in this adversary proceeding by the preponderance of the evidence. *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 723 (10th Cir.1993) (citing *Grogan v. Garner,* 498 U.S.

279, 290, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991)).

## Whether the Debtor's Obligation to Repay the Credit Card Debts Represents a Nondischargeable Support Obligation

■ The Court finds that the Debtor's obligation to repay the Credit Card Debts represents a nondischargeable support obligation. *See Troup v. Troup (In re Troup)*, 730 F.2d 464 (6th Cir.1984) (finding husband's obligation for assumption of marital debts in lieu of child support nondischargeable); *cf. Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir.1983) ("hold[ing] that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable").

In view of the parties' relative financial circumstances on the date of the Decree, the fact that LaVon was charged with custody of the parties' minor child, and the duration of the parties' former marriage, the Court finds that parties intended to create a support obligation. *See Armento v. Armento (In re Armento)*, 127 B.R. 486, 490 (Bankr.S.D.Fla. 1991) (finding debtor/husband's obligation to repay credit card debt nondischargeable, despite wife's waiver of alimony, where support payments required by agreement would have been rendered ineffectual absent debtor's repayment of credit card debt); *Brand v. Brand (In re Brand)*, 108 B.R. 319, 320–21 (Bankr.N.D.Ala.1989) (finding that debtor's obligation to repay credit card debt was nondischargeable support, despite language in separation agreement that wife would make no claim against debtor for alimony, where former wife's ability to support herself at the time of the separation agreement would have been substantially and materially impaired if she were forced to repay such credit card debt); *see also In re Sampson*, 997 F.2d at 725 (finding that "surrounding circumstances" which existed at the time of divorce evidenced parties' intent to create a support obligation); *cf. Burns v. Burns (In re Burns)*, 186 B.R. 637, 642 (Bankr.D.S.C.1992) (finding debtor/husband's obligation to repay credit cards nondischargeable where charges were incurred to pay living expenses and wife and child's standard of living would have been materially impaired absent payment by debtor).

Moreover, the Court concludes that the Debtor's obligation to repay the Credit Card Debts will have the actual effect of providing LaVon and Tiffany with necessary support. *See Kubicek v. Eikenberg (In re Eikenberg)*, 107 B.R. 139, 142 (Bankr.N.D.Ohio 1989) (finding husband's assumption of credit card obligations nondischargeable in circumstances where wife could not have maintained household for herself and two dependent children without such debt assumption); *see also Sermersheim v. Sermersheim (In re Sermersheim)*, 97 B.R. 885, 891 (Bankr. N.D.Ohio 1989) (finding that husband's debt for assumption of credit card payments had actual effect of providing necessary support where wife indicated that her income was insufficient to pay current expenses); *cf. Leslie v. Leslie (In re Leslie)*, 181 B.R. 317, 320 (Bankr.N.D.Ohio 1995) (finding that debtor's obligation to pay second mortgage had actual effect of providing necessary support where debtor's payment of second mortgage was necessary for former wife to continue to reside in home). Consistent with LaVon's testimony, Joint Exhibit 7 indicates that LaVon's monthly expenses of $1,723.06 exceed her total monthly income of $1,589.89. The Debtor's sporadic payment of his child support obligation has further exacerbated LaVon's financial difficulties.

Furthermore, the Debtor's obligation to repay the Credit Card Debts cannot be characterized as "manifestly unreasonable" under traditional concepts of support. *In re Calhoun*, 715 F.2d at 1110.

■ Lastly, the Court agrees with the parties that the fact that LaVon has refinanced certain of the Credit Card Debts does not affect the dischargeability of these obligations. *See Robinson v. Robinson (In re Robinson)*, 921 F.2d 252, 253 (10th Cir.1990) (held that husband's obligation to repay second mortgage debt was not extinguished by wife's act of refinancing debt).

In light of the foregoing, it is therefore

ORDERED that the Debtor's adversary complaint be, and it hereby is, denied. It is further

ORDERED that the Debtor's obligation under the Decree to repay the Credit Card Debts be, and it hereby is, excepted from discharge.