[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION FOR CONTEMPT (DOCKET ENTRY NO. 113.09)
The defendant has moved that the plaintiff be found in contempt for failing to comply with the orders of this court as originally set forth in paragraph 3 of the judgment entered by the court on May 11, 1995 in Judge Moran's Memorandum of Decision. That provision of the judgment provided that the plaintiff pay the second and third mortgages on the real property at 1084 Mill Plain Road, Fairfield. Paragraph 26 of that judgment provided that the payments by the plaintiff were in the nature of alimony, maintenance and support.
On February 16, 1994, the judgment was modified in accordance with a stipulation of the parties wherein the plaintiff became obligated to pay the refinanced first mortgage which substituted for the old third mortgage. This was all done at the plaintiff's behest. CT Page 13737
In February, 1995, the plaintiff again approached the defendant for financial relief, and on February 16, 1995, the court entered a second modification of judgment. The defendant arranged for the payoff of the $50,000 second mortgage on the Fairfield property. As security for the plaintiff's obligation on the Fairfield property, defendant received a mortgage note and deed from the plaintiff on property in Shelton, Connecticut. Upon the second modification, this mortgage note and deed was modified to recognize the plaintiff's increased obligation to the defendant because of her payoff of the existing $50,000 second mortgage on the Fairfield property. At no time was order number 26 characterizing the plaintiff's obligation as in the nature of alimony, maintenance and support modified.
Within five days after the second modification was entered, the plaintiff filed for bankruptcy and scheduled the mortgage debts to be discharged (plaintiff's exhibits A and C). The plaintiff received a Chapter 7 Discharge from Bankruptcy on June 19, 1995, and since that date, has failed and refused to pay the mortgage in the amount of $486.52 per month. The plaintiff claims that the payment of the defendant's mortgage pursuant to the indemnification agreement was discharged in the bankruptcy proceedings. The parties agree that if these mortgage payments or indemnification agreements are in the nature of alimony, support or maintenance, they would be non-dischargeable under § 523(a)(5) of the Bankruptcy Code.
This court has concurrent jurisdiction with the bankruptcy court to decide the dischargeability of this debt. "State courts of general jurisdiction have the power to decide cases involving federal rights when neither the Constitution nor statute withdraws such jurisdiction." Lewis v. Lewis, 35 Conn. App. 622, 625-26
(1994). The question to be decided by this court is whether the plaintiff's obligation to pay the mortgage and to indemnify the defendant is in the nature of alimony, maintenance and support and therefore non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.
The determination of whether the debt is dischargeable is a matter of federal law. Grogan v. Garner, 498 U.S. 279;111 S.Ct. 654; 112 L.Ed. 775 (1991). Federal courts may use state domestic law as a reference in determining what debts are in the nature of alimony, maintenance and support. The labeling or characterization of an award as alimony by a state court in a CT Page 13738 dissolution action does not bind a bankruptcy court. As long as this court utilizes the bankruptcy standard in making its decision on whether the payment of a debt is in the nature of alimony, that decision may stand if it is clear from the state court's decree.In re Edwards, 172 B.R. 505, 524 (Banks, D.Conn. 1994) (EdwardsII).
This court finds that the payment of the second and third mortgages by the plaintiff and the corresponding indemnification agreements were clearly obligations which were in the nature of support. In making this finding the court has considered all the factors of § 46b-82 of the General Statutes. At the time of the modifications, alimony was not converted to property. The parties did not intend to modify anything but the terms and conditions of the indemnification agreements. The plaintiff's obligation continues as an obligation in the nature of alimony, maintenance and support. See In re Robinson, 113 B.R. 687, 688 (D.Colo. 1990), aff'd. 921 F.2d 252 (10th Cir., 1990).
As previously noted, the plaintiff's discharge in bankruptcy was on June 19, 1995. Since that date, he has failed to pay the mortgage in the amount of $486.52 per month. Since he believed this debt was discharged, the court does not find that he wilfully or intentionally violated the court's orders. The court does not, therefore, find contempt. The court orders that commencing December 1, 1995, the plaintiff shall recommence payment of $486.52 per month on the modified mortgage deed. The payments for the months of July, August, September, October and November shall be added at the end of the 60 month period until full payment of the modified mortgage deed.
The parties have filed excellent briefs on the issues in this matter. There have been consequential counsel fees incurred by each of the parties. However, the parties have been in honest disagreement as to the plaintiff's legal obligation to continue payment on the modified mortgage deed. Having considered the provisions of § 46b-62 of the General Statutes and the factors of § 46b-82 of the General Statutes, the court orders that each party shall pay her or his own attorney's fees.
Orders shall enter in accordance with the foregoing on the Motion for Contempt.
EDGAR W. BASSICK, III, JUDGE CT Page 13739