In Bankruptcy Stanley Eugene Schauer, Bankrupt.

Robert D. DEEMS, Plaintiff,

v.

Stanley Eugene SCHAUER, Defendant.

No. B78–3178.

United States District Court,
D. North Dakota,
Southeastern Division.

May 30, 1979.

Robert D. Deems, San Diego, Cal., pro se; Dan D. Plambeck, Fargo, N.D., of counsel.

James A. Wright, Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, N.D., for defendant.

## ORDER

BENSON, Chief Judge.

Plaintiff filed a complaint in the above entitled matter seeking a determination as to whether a debt owed to him by the bankrupt is dischargeable in bankruptcy. A hearing was held on May 21, 1979.

Plaintiff Robert Deems, an attorney, represented the bankrupt's former wife, Patricia Schauer in divorce proceedings against the bankrupt, Stanley Eugene Schauer, in the State of California. In the interlocutory judgment of dissolution of marriage, the Superior Court of California, County of San Diego, divided the spouses' community assets,[1] awarded custody of their minor child to Stanley Schauer, and ordered Stanley Schauer to pay Robert Deems, attorney for Patricia Schauer and plaintiff herein, the sum of $850.00 for attorney's fees and costs in prosecuting the divorce action, and an additional $850.00 in attorney's fees and costs pursuant to prior orders of the court.[2] The interlocutory judgment did not include an award of spousal support.

In subsequent proceedings, Stanley Schauer was held to be guilty of contempt

---

1. Patricia Schauer was awarded as her sole and separate property all personal property then in her possession or under her control, and in addition, the sum of $1,150.00 to be paid to her in monthly installments of not less than $50.00.

2. This award of $1,700.00 was to be paid in monthly installments of not less than $50.00.

of court for willful failure to make payments on arrearages for child and spousal support in the amount of $50.00 per month for the months of April, May and June 1978.[3] He was also held to be guilty of contempt of court for willful failure to make payments of $50.00 per month to Robert Deems for attorney's fees during the same three month period. In addition, he was ordered to pay Robert Deems the sum of $318.00 as attorney's fees and costs in the contempt proceedings.

Stanley Schauer filed a voluntary bankruptcy petition on December 14, 1978. The amount remaining unpaid on the awards of attorney's fees to Robert Deems is $1,718.00. Plaintiff seeks a determination that the debt is non-dischargeable.

■ A debt arising from an award of attorney's fees in divorce proceedings is not dischargeable in bankruptcy if it is in the nature of alimony and support. On the other hand, if the award is in the nature of a property settlement, the debt is dischargeable. *In re Birdseye*, 548 F.2d 321, 322 (10th Cir. 1977); *Jones v. Tyson*, 518 F.2d 678, 680 (9th Cir. 1975).

■ An award of attorney's fees in California divorce proceedings is specifically allowed by Cal.Civil Code § 4370, which provides in part:

During the pendency of any proceeding . . . the court may order the husband or wife . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorney's fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorney's fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding relating thereto. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any sub-

sequent proceeding therein, and may thereafter augment or modify any award so made.

The California courts have held that "(t)he purpose of an allowance to a wife for counsel fees on account is to enable her to have sufficient resources to adequately present her case. In order to be entitled to an award the wife must demonstrate that her resources are not sufficient to meet the expenses of litigation." *In re Marriage of Jafeman*, 29 Cal.App.3d 244, 263–64, 105 Cal.Rptr. 483, 496 (Ct.App.1972) (citations omitted). *See also In re Marriage of Gonzales*, 51 Cal.App.3d 340, 344, 124 Cal.Rptr. 278, 280 (Ct.App.1975). An award of attorney's fees may be made only upon a showing of necessity, taking into account the relative needs and incomes of the spouses. *Jones v. Tyson*, 518 F.2d at 681 (applying California law); *In re Marriage of Gonzales*, 51 Cal.App.3d at 344, 124 Cal.Rptr. at 280. It is entirely independent from the issue of the equal division of community assets. *Jones v. Tyson*, 518 F.2d at 681; *In re Marriage of Jafeman*, 29 Cal.App.3d at 265–66, 105 Cal.Rptr. at 497. As such, an award of attorney's fees in a California divorce proceeding is generally deemed to be in the nature of alimony and support, rather than in the nature of a property settlement. *See Jones v. Tyson*, 518 F.2d at 681.

The Ninth Circuit recognized in *Jones v. Tyson* that in some instances, the spouses may agree to consider legal fees as community liabilities and take the legal fees into account in equally dividing the community assets. In such a case, an award of attorney's fees might be deemed to be in the nature of a property settlement and dischargeable in bankruptcy. 518 F.2d at 681.

■ The instant case does not involve such an agreement. Each of the spouses was awarded the household furnishings then in his or her possession. Stanley Schauer was also awarded a truck, tools and stereo, which had a total community value of $2,300.00, and he was ordered to pay

---

**3.** On the record before the court, it cannot be determined when an award of spousal support was made, but an award of support is not determinative of the issue before the court.

one-half of that amount, or $1,150.00, to Patricia to accomplish an equal division of community assets. It is clear from the record before the court that the award of attorney's fees and costs was made independently from, rather than as a part of the division of community assets.

· Thus the award of attorney's fees was based on a finding of need, and was in the nature of alimony and support.

IT IS ORDERED that judgment be entered declaring that the debt in the amount of $1,718.00 owed by the bankrupt Stanley Eugene Schauer to plaintiff Robert D. Deems is non-dischargeable in bankruptcy.