In re Edmond J. LaFLEUR, Debtor.

Edmond J. LaFLEUR, Plaintiff,

v.

Barbara A. LaFLEUR, Defendant.

Bankruptcy No. 80–1000–JG.
Adv. No. A80–0573.

United States Bankruptcy Court,
D. Massachusetts.

April 10, 1981.

Andrew S. Koczera, Karns & Fairbanks, New Bedford, Mass., for plaintiff/debtor.

Herbert F. Lach, Jr., Brewster, Mass., for defendant.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The debtor has filed a complaint seeking a judicial determination that certain debts are dischargeable in bankruptcy. Said debts arise from a joint stipulation entered into between the debtor (husband) and his ex-wife, which agreement was incorporated into the decree for divorce issued approximately one year prior to the filing of the husband's bankruptcy petition. Specifically the debtor has listed the following three debts which he seeks to have declared dischargeable:

1. $5,000 obligation by the debtor to his ex-wife's mother, Jill LaFrance.

2. a debt on a joint Master Charge account.

3. attorney's fees of his ex-wife.

Nowhere in the complaint has the debtor sought to establish the legal rights and liabilities between himself and his daughter, Lynn, under the terms of the divorce decree. Neither does the wife's answer allege a non-dischargeable debt as it relates to the daughter. Therefore, although evidence was introduced at trial in regard to the daughter's education and support, the court finds that the determination of the rights and obligation owed by the debtor to his daughter, if any, are not prop-erly before the court. Furthermore, the evidence supported the finding that the daughter is not a minor, the daughter is attending college, and is living with her father during vacations, and that the father and daughter have worked out an agreement as to the daughter's education and support. At this time there appears to be no outstanding controversy in regard to the daughter which is ripe for a judicial determination. If in the future such controversy arises, the daughter has standing to enforce that part of the divorce decree which directly affects her. No such determination is appropriate from this court at the present time.

After an evidentiary hearing the court finds that the obligations listed in plaintiff's complaint arise from the July 23, 1979 stipulation which was incorporated into the divorce decree. Paragraph 3 of said stipulation states:

> Wife agrees to obtain a loan of $5,000.00 from a banking or other lending institution for a term of five (5) years and the Husband agrees to repay the said loan by making principal and interest payments monthly. In the event that the Wife is unable to obtain said loan, the Husband agrees to repay the Wife's mother for the amount of money loaned to the Wife used to pay off the loan from the Barnstable National Bank at the rate of $100.00 per month plus interest of $

Paragraph 4 of the stipulation continues:

> Husband agrees to pay the balance of the Master Charge account due and owing when he moved out of the marital homes. Husband agrees to assist in removing the execution of judgment (sic) against the wife's real estate.

Although paragraph 10 of the stipulation relates that: "Husband agrees to pay $500.00 within thirty days towards the wife's attorney's fees," this does not appear to be a provision which is currently disputed. The attorney's fees in the instant complaint arise from the judicial enforcement of the divorce decree in an action brought

by Mrs. LaFleur in the Probate Court.[1] In conjunction with a judgment of contempt against the debtor and an order for payment of support, the arrearage of which was fixed at $1,540.32, the Probate Court, on April 3, 1980, allowed Mrs. LaFleur's motion for counsel fees in the amount of $518.00 to be paid on or before June 16, 1980. The bankruptcy petition was filed in this court on June 13, 1980 at which time those attorney's fees had not been paid.

The debtor has argued that all of the above-listed debts are dischargeable pursuant to 11 U.S.C. Section 523(a)(5). Specifically as to the debts owed under Paragraphs 3 and 4 of the stipulation and any promise by the Husband to pay the wife's attorney's fees, the debtor claims that said debts were owed directly to the named parties and not to his ex-wife, and thus were not within the purview of Section 523(a)(5)(A). Plaintiff further contends that said debts were not in the nature of support or alimony but were incurred as part of a property settlement and therefore are not excepted from discharge under Section 523(a)(5)(B).

The facts adduced at trial show that the debtor and his wife were married in 1961, and had one child, Lynn, who was 16 in 1979. At the time the divorce decree was issued the wife was employed as an x-ray technician at the Falmouth Hospital. The wife had been employed as an x-ray technician throughout the marriage, except for the years 1969–1975. The husband, a licensed realtor since 1963, has also been involved in real estate development. The evidence showed that financial difficulties developed in 1976 and 1977. According to the terms of the divorce decree, the wife received the real estate that was the marital home and all personalty and furnishings.[2] The uncontroverted testimony was that at the time of the divorce there was approximately $25,000 in equity in the home.

The court must look to the Bankruptcy Code, 11 U.S.C. Section 523, to determine which debts are excepted from discharge. In relevant part, the section states:

> (a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

The Legislative history makes it clear that what constitutes alimony, maintenance or support will be determined under the bankruptcy laws, not state law. *House Report No. 95–595*, 95th Congress, 1st Session (1977) p. 363; *Senate Report No. 95–989*, 95th Congress, 2d Session (1978) pp. 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787.

"The bankruptcy court does not accept as determinative statements in the decree that it is just a property settlement, but rather looks at the substance of the decree to see if the obligations were in fact imposed for the support of a spouse." *In re Wilbur Delmar Warner*, 5 B.R. 434, 6 BCD 788 at 791 (D. Utah, 1980). See also: *In re Martha Louise Diers*, 7 B.R. 18, 6 BCD 983 at 984 (S.D. Ohio, 1980).

According to the provisions of both the old Act and the new Code, property settlement obligations to a former spouse will be dischargeable in bankruptcy, while obligations to provide maintenance and support will not. *In re Wilbur Delmar Warner*, 5 B.R. 434, 6 BCD 788 at 790 (D. Utah,

---

1. Comm. of Mass., Barnstable Probate Court LaFleur v. LaFleur, docket # 11664.

2. The home had been solely in the wife's name since 1964.

1980); *In re Birdseye*, 548 F.2d 321 (10 Cir. 1977); see also: *Abrams v. Burg*, 367 Mass. 617, 327 N.E.2d 745 (1975).

 The court finds that the debt owed to the mother-in-law under paragraph 3 of the "stipulation" was never intended to be in the nature of alimony or support. Mrs. LaFleur was not to be paid directly. Five payments of $100 each were made to the mother-in-law by the debtor following the divorce decree. Although the debt was incurred to secure the marital home from foreclosure proceedings, I find the debt was part of a settlement agreement and was not intended to provide for the maintenance and support of the wife after dissolution of the marriage. Similarly, although there was conflicting testimony as to the nature of goods and/or services reflected in the Master Charge obligation,[3] I find said debt to be an obligation to a third party, assumed by the debtor, in connection with a property settlement agreement which is not in the nature of alimony, maintenance or support. Said debts are accordingly found to have been discharged in this bankruptcy proceeding.

The final issue to be determined is the nature of the $518.00 awarded by the Probate Court on the wife's motion for attorney's fees.

It appears that the compromise version of Section 523, as enacted by Congress, has set up a two-fold test for the dischargeability of alimony, maintenance or support. *In the Matter of Theodore W. Spong*, 3 B.R. 619, 6 BCD 604 at 605 (W.D.N.Y.1980). The first consideration is that the payment is directed to a spouse or dependent and has not been assigned to another entity voluntarily, by operation of law, or otherwise. 11 U.S.C. Section 523(a)(5)(A). See also: *House Report No. 95–595*, 95th Congress, 1st Session (1977) at 364. "The purpose of this limitation is to prevent persons other than the debtor's spouse and children from obtaining this privileged status." *Bankruptcy L.Ed.*, Debtor's Duties and Benefits, Section 22.34.

The second test deals with the nature of the payment itself. The obligation must actually constitute alimony, maintenance and support or the debt will not come within the exception of Section 523(a)(5)(B) and will be discharged.

In the instant case we have a Probate Court granting the ex-wife's motion for payment of attorney's fees following the successful litigation of a contempt action against the husband. The evidence was uncontroverted that the contempt was brought in large part for failure to comply with those sections of the 1979 Stipulation which provided for support payments for the then minor child.

 Accordingly, this court finds that as to the attorney's fees awarded to the wife in the contempt action only they are in the nature of child support and maintenance and are non-dischargeable. Ancillary obligations, such as attorney's fees, must stand or fall with the primary debt when determining their nature for dischargeability purposes. *In re Joe Louis Bell*, 5 B.R. 653, 6 BCD 833 (W.D.Okl.1980) see also: *Matter of Steingesser*, 602 F.2d 36 (2d Cir. 1979); *Deems v. Schauer*, 470 F.Supp. 255 (D.C.N.D.1979); *Goldman v. Roderiques*, 370 Mass. 435, 349 N.E.2d 335, (1976). Where a payment provision appears to be reasonably necessary to insure the enforcement of an obligation for child support it should be considered part of the non-dischargeable debt.

In accordance with the above findings of fact and conclusions of law, it is hereby established that:

–the obligation owed pursuant to Paragraph 3 of the 1979 Stipulation to Jill LaFrance is discharged;

–the obligation owed on the Master Charge debt is discharged; and

–attorney's fees payable to the ex-wife in the amount of $518.00 are not discharged in this bankruptcy proceeding.

---

**3.** The husband testified that the majority of the charges on the Master Charge obligation arose from an 8-day cruise in the Caribbean in 1974.

Mrs. LaFleur, on the other hand, testified the charges were accrued for necessaries for the home and clothes for the child.