**In re Gary SINEWITZ, Debtor.**

**Robin SINEWITZ, Plaintiff,**

v.

**Gary SINEWITZ, Defendant.**

**Bankruptcy No. 93–42427–JFQ.**
**Adv. No. 93–4248.**

United States Bankruptcy Court,
D. Massachusetts.

April 29, 1994.

Kathleen M. Moore, Boston, MA.

Howard J. Potash, Worcester, MA.

### MEMORANDUM

HENRY J. BOROFF, Bankruptcy Judge.

### I. Background

Before the court in this Adversary Proceeding are cross motions for summary judgment relative to the Complaint of Robin Sinewitz ("Plaintiff") against Gary Sinewitz (the "Debtor" or "Defendant"), her former husband.

The issues arise out of a contempt action (Docket No. 89–1580) pending in the Commonwealth of Massachusetts Probate and Family Court, Middlesex Division (the "Probate Court"), in which the Probate Court (Sweeney, J.) ordered the Debtor to pay Plaintiff's counsel the amount of $4,500.00, incident to the Probate Court's finding of contempt against the Debtor. In the instant Complaint, the Plaintiff seeks a determination that the Probate Court ordered payment of attorneys' fees is an obligation in the nature of alimony and support and, therefore, nondischargeable pursuant to 11 U.S.C. § 523(a)(5). Additionally, the Plaintiff seeks a determination that the automatic stay under 11 U.S.C. § 362(b)(2) is inapplicable to: (i) her attempt to collect the current judgment of contempt entered by the Probate Court, and (ii) her seeking further judgments of contempt for failure to pay court ordered child support.

The relevant facts are not in material dispute. Plaintiff was divorced from the Debtor in April, 1991. The divorce decree entered by the Probate Court incorporated a settlement agreement providing, *inter alia*, that the Debtor pay child support to the Plaintiff

for support and maintenance of the parties' two minor children.

The Debtor fell into default of his obligations under the settlement agreement and divorce decree and, in October 1992, the Plaintiff filed a motion for contempt in the Probate Court and then retained counsel to represent her in the Probate Court. Plaintiff's counsel subsequently filed an amended complaint for contempt [1] seeking payment of $25,206.81 in unpaid court ordered child support. After various hearings, on March 9, 1993, Judge Sweeney issued a written Contempt Judgment: (1) finding the Debtor to be in contempt for failure to pay $9,947.15 in court-ordered child support; (ii) setting up a payment schedule; (iii) modifying the amount of future child support; and (iv) ordering the Debtor to pay Plaintiff's attorney the amount of $4,500.00 "in or within" four months from the date of the judgment on account of the Plaintiff's attorney fees.

The Debtor did not appeal the Contempt Judgment, but also failed to comply with its terms for payment to the Plaintiff's attorney. On or about July 14, 1993, the Plaintiff filed a new complaint for contempt, citing the Debtor's failure to pay the counsel fees as required by the March 9, 1993 Contempt Judgment. At the hearing on the complaint, the Debtor informed the Probate Court of his intention to file a case under Chapter 7 of the Bankruptcy Code. The Probate Court, therefore, on September 9, 1993, issued a further Judgment of Contempt (ordering again that the debtor make the payment albeit on extended terms and on pains of imprisonment upon further default), but stayed the enforcement of its judgment pending the outcome of the dischargeability issue as determined by this Court.

The Debtor filed the instant case on September 24, 1993 and shortly thereafter, the Plaintiff filed this Adversary Proceeding.

In her motion for summary judgment, the Plaintiff argues that the obligation to pay attorneys' fees, incident to the prosecution of

a successful contempt action for failure to pay court ordered child support, is itself an obligation in the nature of child support and not dischargeable pursuant to § 523(a)(5). Plaintiff also argues that the Probate Court's order directing payment to counsel does not constitute an assignment excluded from nondischargeability pursuant to § 523(a)(5)(A).

The Debtor opposes the Plaintiff's motion for summary judgment and cross moves for similar relief. In the Debtor's motion and accompanying memorandum, the Debtor makes a variety of arguments. Firstly, the Debtor argues that this Court should determine whether the Probate Court ordered payment of counsel fees, incident to the successful contempt action for failure to pay child support, was actually a disguised property settlement. Secondly, the Debtor argues that the court ordered payment directed to Plaintiff's counsel is an assignment precluding nondischargeability pursuant to § 523(a)(5)(A).[2] Finally, the Debtor argues that if this Court deems the obligation nondischargeable, the Court should assume jurisdiction over its payment terms after conducting an evidentiary hearing relative to the Debtor's obligation to pay the obligation with his post-petition earnings.

## II.  Discussion

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." [3]  See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Both the Plaintiff and the Debtor have moved for summary judgment, and each has claimed that there are no material facts in dispute and that he or she is entitled to judgment as a matter of law.

---

1. Contempt actions in the Probate Court are properly commenced by the filing of a complaint. See Mass.R.Dom.Rel.P. Rule 3, 43A M.G.L.A.; Mass.Gen.Laws Ann. ch. 215, § 34A (West 1985).

2. Incident to the first and second issues, the Debtor argues that, if dischargeable, collection of

the obligation is prohibited by the automatic stay pursuant to § 362(b)(2).

3. Fed.R.Civ.P. 56 applies in adversary proceedings. Fed.R.Bankr.P. 7056.

Whether the Debtor's obligation of $4,500 for attorneys' fees is in the nature of alimony or support and, therefore, nondischargeable as a matter of law, is determined by § 523(a)(5). Section 523(a)(5) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(6) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C. § 523(a)(5).

■ Pursuant to 523(a)(5), property settlement obligations are dischargeable in bankruptcy, while obligations to provide maintenance and support are not. *LaFleur v. LaFleur (In re LaFleur)*, 11 B.R. 26, 28 (Bankr.D.Mass.1981); *see, e.g., Damon v. Damon*, 283 F.2d 571, 573 (1st Cir.1960). The classification of an obligation as either a property settlement or as maintenance and support is an issue of federal bankruptcy law, and not state law. *In re Michaels*, 157 B.R. 190, 193 (Bankr.D.Mass.1993); *In re LaFleur*, 11 B.R. at 28; *Damon v. Damon*, 283 F.2d at 573. The party opposing the discharge carries the burden of proving that the debt is in the nature of a dischargeable prop-

erty settlement. *In re Daviau*, 16 B.R. 421, 424 (Bankr.D.Mass.1982); *In re Czepiga*, 27 B.R. 950, 953 (Bankr.D.Conn.1983). Additionally, the classification of ancillary obligations, such as attorneys' fees, should follow the classification of the primary obligation in determining their nature for dischargeability purposes.[4] For example, the *LaFleur* court found that attorneys' fees awarded to the wife in a contempt action, for failure to comply with the provisions of a support agreement, were in the nature of child support and maintenance. 11 B.R. at 29.

■ In the case before the Court, the Probate Court has granted the Plaintiff's motion for payment of attorneys' fees following the successful prosecution of a contempt action against the Debtor. The issue before the Court is the factual twin of *LaFleur*. The obligation at issue here (as it was in *LaFleur*) is attorneys' fees ancillary to the primary obligation for child support in arrears. The Debtor does not claim that the child support obligation is dischargeable. Accordingly, the ancillary obligation incurred in order to collect that obligation is nondischargeable pursuant to § 523(a)(5).

The suggestion by the Debtor that the obligation is a disguised property settlement is meritless. The Debtor, in his memorandum, urges the Court to entertain a factual analysis similar to that set forth in the *Michaels* decision (but to depart from its well reasoned legal analysis). That effort is not warranted. In the instant case, there is no basis for the Court to analyze whether the award of attorneys' fees is a disguised property settlement. The award was not made incident to a divorce decree in resolution of the marital rights of the parties. It was reimbursement to the Plaintiff for costs incurred by her, years after the entry of the divorce decree and as a result of the contemptuous disregard by the Debtor of the obligation that the Debtor admits is child support. Under these circumstances, the award could not be a property settlement. Furthermore, there is no justification for the Debtor's request that this Court make a

---

4. *In re Steingesser*, 602 F.2d 36 (2d Cir.1979); *Deems v. Schauer*, 470 F.Supp. 255 (D.N.D. 1979); *In re LaFleur*, 11 B.R. at 29. *See e.g., In re Bell*, 5 B.R. 653 (Bankr.W.D.Okla.1980); *Goldman v. Roderiques*, 370 Mass. 435, 349 N.E.2d 335 (1976).

ruling on dischargeability based on the "present needs" of the parties rather than on the nature of the obligation itself. Although the *Michaels* case firmly rejected the "present needs" analysis in determining dischargeability under § 523(a)(5), the Debtor urges the Court to depart from the *Michaels* analysis and embrace the "present needs" analysis set forth in *Calhoun v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983). The Debtor's reliance on *Calhoun* is misplaced. After substantial criticism of *Calhoun's* "present needs" inquiry, the author of *Calhoun* clarified her position in *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, and stated, "the writer regrets that [*Calhoun*] has been applied more broadly than intended ... Fortunately, a majority of courts in other circuits have rejected the 'present needs' test when applied to alimony or child support. *Calhoun* was not intended to intrude into the states' traditional authority over domestic relations and the risk of injustice to the non-debtor spouse or children." 9 F.3d 517, 520–521 (6th Cir.1993).

The Debtor's argument that the Probate Court's order directing payment of the fees to the Plaintiff's attorney is an "assignment" under § 523(a)(5)(A) has equally no merit. The law in this District is settled quite otherwise. *See In re Michaels*, 157 B.R. at 192–93.

Finally, the Court rejects the Debtor's invitation to assume jurisdiction over the extent and timing of the nondischargeable obligation. This Court will not intrude into the Probate Court's well regarded and seasoned jurisdiction in the determination of the amount and timing of child support obligations, where those obligations are not paid out of property of the estate. *Cf. In re Perry*, 131 B.R. 763, 770 (Bankr.D.Mass. 1991).

## III. Conclusion

The United States Bankruptcy Court is not a sanctuary for the avoidance of child support obligations. Nor will the Court allow itself to be used as a tool to evade Probate Court child support orders by: (1) serving as a de novo appellate court to review the extent or timing of payment of those nondischargeable obligations, or (2) diluting their efficacy by discharging attorneys' fees necessitated by the enforcement of Probate Court child support orders.

This Court holds that the $4,500.00 obligation for attorneys' fees (as well as such additional fees as the Probate Court may choose to award in connection with Plaintiff's representation in this adversary proceeding) is nondischargeable pursuant to § 523(a)(5). The Court also concludes that proceedings to collect the said obligations or such additional judgments of contempt for failure to pay court ordered child support are excepted from the automatic stay pursuant to 11 U.S.C. § 362.[5] A separate judgment will issue accordingly.

## JUDGMENT

In accordance with the Memorandum of even date, the Court hereby allows the Plaintiff's Motion for Summary Judgment and enters judgment in favor of the Plaintiff and against the Defendant on the Complaint.

---

**5.** Section 362(b)(2) provides:
  (b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—
    (2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate.

11 U.S.C. § 362(b)(2). An exception from the operation of the automatic stay applies only to the extent that such proceedings or actions are not instituted against property of the estate. *In re Michaels*, 157 B.R. at 196. The Debtors postpetition earnings are not property of the estate pursuant to 11 U.S.C. § 541(a)(6). *Id.*