**In re Robert D. MACY, Defendant/Appellant,**

v.

**Anna Lowell MACY, Plaintiff/Appellee.**

**Civil Action No. 96–10895–EFH.**

United States District Court, D. Massachusetts.

Sept. 13, 1996.

---

James F. Coffey, Coffey & Shea, Boston, MA, for Defendant/Appellant.

Barbara J. Kroncke, Law Offices of Steven J. Marullo, Boston, MA, for Plaintiff/Appellee.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This is an appeal of an order of a judge of the United States Bankruptcy Court. *See* Bankruptcy Rule 8013. *See also In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir.1990) (district courts sit as appellate courts when reviewing bankruptcy courts). It presents a novel issue: whether attorneys' fees incurred by a former wife in an effort to enforce payments required by a divorce decree are nondischargeable under 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15). The bankruptcy judge found the attorneys' fees to be nondischargeable under 11 U.S.C. § 523(a)(5). *See In re Macy,* 192 B.R. 802 (Bankr.D.Mass. 1996). This Court affirms the decision of the bankruptcy judge, but modifies the amount of the attorneys' fees awarded by her order.

The memorandum that accompanies the bankruptcy judge's order contains findings of fact condensed from stipulations made by the parties. The facts in this Court's Memorandum and Order are taken from those findings. *See In re Muncrief, supra* (district courts reviewing bankruptcy court decisions do not make independent findings of fact, even where the bankruptcy court's findings are silent or ambiguous). The Plaintiff/Appellee, Anna Lowell Macy (plaintiff), and Defendant/Appellant, Robert D. Macy (defendant), had been married and were divorced. The judgment of divorce incorporated a separation agreement that had been signed by both parties. Two years after signing this agreement the defendant petitioned the probate court for a "modification of the alimony, child support and maintenance payments that he was required to make under the" separation agreement. Two months later the

plaintiff asked the probate court to find the defendant in contempt. The bankruptcy judge did not find whether or when the defendant ceased making payments required by the separation agreement, though in the introduction to her memorandum she wrote that the plaintiff incurred the attorneys' fees when she tried to collect "alimony, maintenance or support." The defendant filed for Chapter 7 bankruptcy soon after the plaintiff's request for contempt. The contempt proceeding remains pending in the probate court. The plaintiff then filed a complaint in the bankruptcy court under both Section 523(a)(5) and Section 523(a)(15) seeking a determination that the payments required by the separation agreement were nondischargeable. The bankruptcy judge's findings are silent as to whether the separation agreement required the defendant to pay attorneys' fees incurred by the plaintiff in the divorce-related proceedings.

The bankruptcy judge granted the plaintiff's motion for summary judgment, ruling that the alimony, child support, contributions to the education of the parties' children, and health and life insurance payments that the separation agreement required the defendant to make were nondischargeable under Section 523(a)(5). An issue remained as to whether the attorneys' fees incurred by the plaintiff in her effort to enforce these payments (stipulated to be $33,706.98) also were nondischargeable under Section 523(a)(5) or Section 523(a)(15). The bankruptcy judge ruled that the defendant's debt was nondischargeable under Section 523(a)(5), and ordered him to pay the plaintiff "$38,706.98" for the attorneys' fees.

The plaintiff argues that they are nondischargeable under Section 523(a)(5), while the defendant takes the position that Section 523(a)(15) applies. The classification of this debt is at issue because the plaintiff filed her complaint six weeks after Section 523(a)(15)'s filing deadline, but within Section 523(a)(5)'s filing deadline. As a result, the plaintiff has conceded that she will not be able to recover the attorneys' fees under Section 523(a)(15). At the time of trial the parties stipulated to the relevant facts, and allowed the bankruptcy judge to decide between Section 523(a)(5) and Section 523(a)(15). The defendant timely appealed.

A minor issue must be disposed of first: both parties agree that the bankruptcy judge erroneously ordered the defendant to pay $38,706.98, rather than the stipulated amount of $33,706.98. Consequently, this Court vacates the amount of the bankruptcy judge's order, and substitutes $33,706.98 in lieu thereof.

As to the primary issue, the defendant concedes that the attorneys' fees would be classified as nondischargeable under Section 523(a)(5) if this issue arose before Congress passed the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (1994). Def.Reply Br. at 4. Section 523(a)(5) provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement....

He argues, however, that Section 523(a)(15), which the Bankruptcy Reform Act has added to the Bankruptcy Code, has supplanted Section 523(a)(5) as the appropriate section under which attorneys' fees should be classified. Section 523(a)(15) provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit....

Now that Section 523(a)(15) has been added to the Bankruptcy Code, the defendant's ar-

gument goes, Section 523(a)(5)'s language need not be "stretch[ed]" to include attorneys' fees. Def.Br. at 8–9. Rather, judges may call them what they are: "simply a debt owed to a law firm, not the [plaintiff] as alimony or maintenance, nor to the parties' children as child support." Def.Br. at 13. The defendant cannot cite any case law that directly supports his contention, however. This Court declines to adopt his reading of Section 523(a)(15) because it conflicts with both case law and legislative policy as it pertains to the discharge of debts relating to marital dissolutions.

■ Inquiry into what debt is nondischargeable under Section 523(a)(15) begins with the question of whether the debt is "not of the kind [of nondischargeable debt] described in [Section 523(a) ](5)." *In re Jodoin,* 196 B.R. 845, 851 & n. 6 (Bankr. E.D.Cal.1996). Section 523(a)(5) creates two classifications for the debt that arises from a marital dissolution: alimony, support and maintenance, which is nondischargeable; and property settlement obligations, which is dischargeable. The line between the two classifications is not always clear, and often litigated. *In re Campbell,* 198 B.R. 467, 470 (Bankr.D.S.C.1996). This Court believes that attorneys' fees "should follow the classification of the primary obligation." *In re Sinewitz,* 166 B.R. 786, 788 (Bankr.D.Mass. 1994). *But see In re Ziegler,* 109 B.R. 172, 175–177 (Bankr.W.D.N.C.1989) and cases cited therein (criticizing this approach when applied to Bankruptcy Code sections other than Section 523(a)(5)). In *Sinewitz,* the debtor was held in contempt by a probate court for not paying child support. The probate court ordered the debtor to pay the attorneys' fees incurred by his former wife in her attempt to enforce the child support payments. The debtor then filed for Chapter 7 bankruptcy. Applying Section 523(a)(5), the *Sinewitz* court held the attorneys' fees were a nondischargeable debt because they were incurred in an effort to collect payments that themselves were nondischargeable under Section 523(a)(5). *Sinewitz, supra* at 788. *See also In re La-Fleur,* 11 B.R. 26, 29 (Bankr.D.Mass.1981) (similar facts and result).

In the instant case, it is not disputed that the primary obligation falls into the alimony, support and maintenance classification. Nor is it disputed that the plaintiff incurred attorneys' fees in an attempt to collect this obligation. Accordingly, this Court rules that the plaintiff's attorneys' fees are "of the kind described in [Section 523(a) ](5)." Since the attorneys' fees are classified as nondischargeable under Section 523(a)(5), Section 523(a)(15) by its very terms is inapplicable. *See In re Jodoin, supra* at 851 & n. 6 (a cause of action cannot lie under Section 523(a)(15) until it is shown that the debt is not nondischargeable under· Section 523(a)(5)).

This Court finds support for its position in legislative history and other case law. Historically, the Courts and the Congress have tried to protect dependent spouses and children from the loss of alimony, support and maintenance owed them by a debtor who has sought refuge in bankruptcy. See *Wetmore v. Markoe,* 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390 (1904) ("Unless positively required by direct enactment the courts should not presume a design upon the part of Congress in relieving the unfortunate debtor to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children"). This policy of protecting those to whom alimony, support and maintenance is owed from spouses who file for bankruptcy is embedded in Section 523(a)(5). *See generally Shine v. Shine,* 802 F.2d 583, 585–588 (1st Cir.1986) (comprehensive discussion of Section 523(a)(5)'s legislative history before the Bankruptcy Reform Act). *See also Forsdick v. Turgeon,* 812 F.2d 801, 804 (2nd Cir.1987) (Section 523(a)(5) favors enforcement of familial obligations over general bankruptcy policy of discharging debt); *Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986) (same); *In re Kline,* 65 F.3d 749, 751 (8th Cir.1995) (same); *In re Sternberg,* 85 F.3d 1400, 1405 (9th Cir.1996) (same); *In re Miller,* 55 F.3d 1487, 1489 (10th Cir.1995), *petition for cert. filed sub nom., Miller v. Gentry,* —— U.S. ——, 116 S.Ct. 305, 133 L.Ed.2d 210 (1995) (same). This policy is also one of the stated purposes of the Bankruptcy Reform Act. H.R.Rep. No. 835, 103d Cong., 2nd Sess. 33, *reprinted in* 1994 U.S.C.C.A.N. 3340, 3341–

3342. Indeed, Congress considered the payment of family obligations to be of "paramount societal importance," and used the Bankruptcy Reform Act to expand the alimony, support and maintenance exception to the general bankruptcy practice of discharging debt so that debtors may have a "fresh start." *Id.* at 3342.

The Bankruptcy Reform Act's legislative history specifically addresses Section 523(a)(15), manifesting Congress' intent as to what debts should be nondischargeable under Section 523(a). *Id.* at 3363. Section 523(a)(15) is intended to operate in circumstances where a spouse has traded higher alimony payments for a larger property settlement, or the payment of a marital debt. These trade-offs are not strictly in the nature of alimony, support or maintenance, and, before the Bankruptcy Reform Act, were dischargeable under Section 523(a)(5) as property settlement obligations. Such a discharge frequently worked an injustice against the nondebtor spouse by leaving that spouse with a large debt and a small alimony payment. Now Section 523(a)(15) makes these debts nondischargeable "where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts." *Ibid.* Thus, in adding Section 523(a)(15) to the Bankruptcy Code, Congress intended that certain debts, previously construed as property settlement obligations, be recognized as having their origins in alimony, support and maintenance, and be discharged accordingly.

Marriage is the foundation of the family which constitutes the primary unit of society as it is the source of the life, nourishment and education of each generation. Laws relating to marriage and its dissolution must protect and promote the physical, intellectual and spiritual well-being of the children so that the legacy of civilization not be lost but enhanced.

The order of the bankruptcy court is affirmed in the amount of $33,706.98.

SO ORDERED.